J-S05026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
VALLI J. BRANDT, :
:
Appellant : No. 1048 WDA 2014

Appeal from the Judgment of Sentence Entered May 28, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0002918-2013.

BEFORE: DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 18, 2015**

Appellant, Valli J. Brandt, appeals from the judgment of sentence entered on May 28, 2014, in the Erie County Court of Common Pleas. Appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has filed a response to counsel's petition. After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On February 27, 2014, Appellant entered a guilty plea to one count of neglect of a care-dependent person,[1] graded as a felony of the first degree. In consideration of her guilty plea, the Commonwealth agreed to enter a *nolle prosequi* on one count of recklessly endangering another person. On May 28, 2014, the trial court sentenced Appellant to a term of thirty-six to seventy-two months of incarceration.

On June 27, 2014, Appellant filed her notice of appeal, and on June 30, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, on July 17, 2014, having concluded that there were no meritorious issues that could be raised on appeal, Appellant's counsel filed a statement of intent to file an **Anders** brief and withdraw as counsel pursuant to Pa.R.A.P. 1925(c)(4). Counsel filed his **Anders** brief and petition to withdraw on October 7, 2014.

Before we address the issue Appellant's counsel raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks

---

[1] The care-dependent person in this case ("the Victim") was Appellant's mother. Guilty Plea Hearing, 2/27/14, at 9. Due to the neglect, the Victim developed stage four pressure ulcers on her body and required hospitalization. *Id*. The Victim died prior to the plea hearing. *Id*. at 10.

to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious examination of the record, including the plea colloquy and all other documents of record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the **Anders** brief and the petition to withdraw, as well as a letter advising Appellant that she could represent herself or that she could retain private counsel to represent her. A copy of that letter was attached to counsel's petition to withdraw.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

We are satisfied that counsel has met the requirements set forth in *Santiago*. Counsel's brief sets forth the factual and procedural history of this case, cites to the record, and refers to an issue that counsel arguably believes supports the appeal. *Anders* Brief at 5-6. Further, the brief sets forth counsel's conclusion that the appeal is frivolous, and it contains pertinent case authority and counsel's reasons for concluding that the appeal is frivolous. *Id*. at 5-8. Accordingly, we address the following issue raised in the *Anders* brief:

> Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code.

*Anders* Brief at 3.

In the argument portion of the *Anders* brief, counsel asserts that the trial court abused its discretion in sentencing Appellant to such a lengthy term of incarceration without considering mitigating factors. *Anders* Brief at 6. Specifically, counsel claims that during Appellant's sentencing hearing, it was noted that Appellant's actions were not "intentional" and, despite the neglect, Appellant did, in fact, care for the Victim and take responsibility for her actions. *Id*. Thus, counsel is purporting to present a challenge to the discretionary aspects of Appellant's sentence.

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

A determination as to whether a "substantial question" exists is made on a case-by-case basis, and this Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 912-913 (Pa. Super. 2000). "[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider

mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted). However, while Appellant's claim of sentencing error presents a substantial question, and while she filed her appeal in a timely manner and included a statement pursuant to Pa.R.A.P. 2119(f) in her brief, we are constrained to conclude that this issue was not properly preserved for appellate review.

It is well settled that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Cartrette***, 83 A.3d at 1042 (citation omitted). Here, Appellant failed to challenge her sentence in a post-sentence motion or during the sentencing hearing. Accordingly, this claim is waived.[2]

Finally, as noted above, Appellant filed a response to counsel's petition to withdraw. In her response, Appellant asserted that she was not negligent in her care of the Victim, and in fact provided adequate care. Response to ***Anders*** Brief, 10/14/14, at 1-2. She averred that any negligence was due

---

[2] Had this issue been preserved, we would agree with counsel that the claim is frivolous. The record reveals that the trial court aptly considered all relevant factors, including a presentence investigation report, and imposed a sentence at the lowest end of the standard range of the Sentencing Guidelines. N.T., Sentencing, 5/28/14, at 8-9; and ***see*** 18 Pa.Code § 303.16 (setting forth the sentencing range for neglect of a care-dependent person, graded as a felony of the first degree, when the defendant has a prior record score of two and the offense gravity score is ten).

to being overwhelmed with the duties of caring for the Victim. *Id*. at 3. However, Appellant provided no legal authority and advanced no discernable argument in support of her position. Accordingly, Appellant has not set forth any claim that we may address, much less any argument upon which we could grant relief.

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015