**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Mark A. HARTLE, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 29, 2005.

Filed March 2, 2006.

802

Peter T. Campana, Williamsport, for appellant.

Michael T. Hudock, Asst. Dist. Atty., Middleburg, for Com., appellee.

BEFORE: JOYCE, ORIE MELVIN, and TAMILIA, JJ.

OPINION BY JOYCE, J.:

¶ 1 Mark A. Hartle (Appellant) appeals the judgment of sentence imposed on April 18, 2005, in the Snyder County Court of Common Pleas following his convictions for driving under the influence of alcohol (DUI) (75 Pa.C.S.A. § 3731),[1] giving false reports to law enforcement (18 Pa.C.S.A. § 4914), and failure to stop at a stop sign (75 Pa.C.S.A. § 3323). Upon review, we affirm the convictions and remand for resentencing. The relevant facts and procedural history of this matter follow.

¶ 2 On August 21, 2003, Pennsylvania State Police Troopers Michael Connelly and Scott Davis were on routine patrol in Selingsgrove Borough, Snyder County, Pennsylvania. At 2:25 a.m., the troopers witnessed a pickup truck fail to stop at a stop sign at the intersection of Vine and Market Streets. The troopers followed the pick-up and initiated a traffic stop. Trooper Connelly exited the State Police cruiser and approached the driver's side door of the pick-up; Appellant was the only occupant of the vehicle. Trooper Connelly informed Appellant that he stopped him because of his failure to stop at the stop sign, and he requested Appellant's driver's license, automobile registration, and proof of insurance. While Appellant was searching for the paperwork, the trooper inquired as to why Appellant ran the stop sign. Appellant responded that he was following some friends and did not want to lose sight of them. Ultimately, Appellant was only able to provide Trooper Connelly with a registration card bearing the name of Ellen Hartle. When Trooper Connelly asked Appellant his name, Appellant responded that his name was David Hartle, and that he had a valid driver's license in the State of New York.[2]

---

1. 75 Pa.C.S.A. § 3731 was repealed September 30, 2003 by P.L. 120, No. 24, § 14, effective February 01, 2004, and replaced by 75 Pa.C.S.A. § 3802, through P.L. 120, No. 24, § 16, effective Feb. 1, 2004. Since Appellant was convicted under the prior driving under the influence of alcohol statute, 75 Pa.C.S.A. § 3731, that is the statute we will utilize for our analysis. *See Commonwealth v. Butler,* 856 A.2d 131, 135 fn. 6 (Pa.Super.2004).

2. Appellant's name is Mark Hartle not David Hartle. Furthermore, his New York driver's license was revoked due to alcohol-related driving convictions in that state. These facts support the conviction for giving false identification to law enforcement (18 Pa.C.S.A.

¶ 3 During this discussion, Trooper Connelly noticed a strong odor of alcohol emanating from Appellant's breath. Appellant was asked to exit the vehicle, and he complied. The troopers observed that Appellant swayed in a circular motion as he stood outside the truck. Appellant refused to perform field sobriety tests. He was arrested and taken to the Pennsylvania State Police barracks. Appellant was apprised of his *Miranda*[3] rights and his rights pursuant to Pennsylvania's implied consent law;[4] however, he refused to submit to a breath test.

¶ 4 The case proceeded to a jury trial on March 31, 2004, with the Honorable Harold F. Woelfel, Jr. presiding. Following deliberations, the jury found Appellant guilty of driving under the influence of alcohol (DUI) (75 Pa.C.S.A. § 3731(a)(1)) graded as a misdemeanor of the second degree (M2), and giving false reports to law enforcement (18 Pa.C.S.A. § 4914).[5]

¶ 5 On April 18, 2005, the trial court sentenced Appellant to a term of 3 to 24 months' incarceration on the DUI conviction, and to a term of 1 year of probation for the false reports conviction to run concurrently to the sentence imposed for DUI.[6] Appellant filed timely post-sentence motions that were denied by the trial court. This timely appeal followed.

¶ 6 On appeal, Appellant raises the following claims of error:

WHETHER THE EVIDENCE PRESENTED AT TRIAL IS SUFFICIENT TO SUSTAIN THE JURY'S GUILTY VERDICT ON THE CHARGE OF DRIVING UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF FORMER § 3731(a)(1) OF THE VEHICLE CODE?

WHETHER THE SENTENCE IMPOSED BY THE LOWER COURT, NOT LESS THAN 90 DAYS NOR MORE THAT 2 YEARS TOTAL CONFINEMENT IN A STATE CORRECTIONAL INSTITUTION, SHOULD BE SET ASIDE BY THIS COURT AS CONSTITUTING AN ABUSE OF DISCRETION OR AS BEING OTHERWISE UNREASONABLE, ILLEGAL OR CONTRARY TO LAW?

Brief for Appellant, at 5. We will address the issues in the order in which they were presented.

¶ 7 Appellant's first issue presents a challenge to the sufficiency of the evidence presented at trial. Our standard of review in cases challenging the sufficiency of the evidence is well settled.

¶ 8 In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to determine whether there is sufficient evidence to enable the factfinder to find every element of the crime estab-

§ 4914); however, Appellant is not challenging that conviction in this appeal.

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. 75 Pa.C.S.A. § 1547; *Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989) (holding that where an arrestee asks to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, law enforcement officers must, in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test).

5. Appellant was also found guilty of the summary offense of failing to stop at a stop sign (75 Pa.C.S.A. § 3323).

6. Appellant was also assessed various fees and costs.

lished beyond a reasonable doubt. *Commonwealth v. Thomas*, 867 A.2d 594 (Pa.Super.2005). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Id.* at 597. And while a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty. *Id.* quoting *Commonwealth v. Coon*, 695 A.2d 794, 797 (Pa.Super.1997). This Court is not free to substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed. *Id.* citing *Commonwealth v. Marks*, 704 A.2d 1095, 1098 (Pa.Super.1997) and *Commonwealth v. Mudrick*, 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986). Lastly, the factfinder is free to believe some, all, or none of the evidence. *Id.* With these principles in mind, we shall proceed with our analysis.

¶ 9 Pennsylvania's former DUI statute, pursuant to which Appellant was convicted, read as follows:

**Driving under the influence of alcohol or controlled substance**

(a) **Offense defined.**-A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving[.]

75 Pa.C.S.A. § 3731(a)(1).

¶ 10 Appellant argues that the Commonwealth failed to present any objective evidence to sustain Appellant's conviction for DUI. Brief for Appellant, at 13. We disagree.

¶ 11 The record reflects that Officer Connelly testified that while talking to Appellant during the traffic stop he noticed a very strong odor of alcohol emanating from Appellant's breath. N.T. 03/31/2004, at 44. He further testified that Appellant's eyes were bloodshot and glassy and Appellant kept repeating that he was just following friends. *Id.* He asked why Appellant, who was driving a vehicle with New York plates, was in Pennsylvania. *Id.* He stated that Appellant told him he was in Pennsylvania doing construction work. *Id.* He then testified that he asked Appellant to exit the vehicle for field sobriety tests, and Appellant refused because he alleged that he had a back injury. *Id.* Trooper Connelly testified that he thought it was unusual for someone who works construction to be physically unable to perform the one-leg stand and walk and turn field sobriety tests. *Id.* at 45. The trooper testified that while standing outside the vehicle, Appellant swayed in a circular motion. *Id.* at 47. Additionally, the trooper said that Appellant refused to submit to a breath test. *Id.* at 52. The trooper then testified that he concluded Appellant was intoxicated. *Id.* at 59.

¶ 12 Trooper Connelly's partner, Trooper Scott Davis also testified. He echoed the observations and conclusions of Trooper Connelly, and he testified that he believed Appellant was under the influence of alcohol and incapable of safe driving. *Id.* at 89.

¶ 13 We are aware that Appellant had witnesses testify in his defense. These witnesses testified that they did not believe Appellant was under the influence of alcohol. However, in light of our standard of review, we note that the jury was free to disregard this testimony. *See Thomas, supra.*

¶ 14 After careful review of the evidence presented, we find no error. The testimony presented by Troopers Connelly and Davis was sufficient to prove the elements of DUI beyond a reasonable doubt. Ap-

pellant ran a stop sign, smelled of alcohol, had bloodshot and glassy eyes, was unsteady on his feet, refused to perform field sobriety tests, and refused a breath test. Accordingly, pursuant to our standard of review, we find Appellant is entitled to no relief on this claim.

¶ 15 Appellant's next issue presents a challenge to the discretionary aspects of his sentence. We note there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mouzon*, 571 Pa. 419, 425, 812 A.2d 617, 621 (2002). Rather, allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.* The determination of what constitutes a substantial question is made on a case-by-case basis. *Commonwealth v. McNabb*, 819 A.2d 54 (Pa.Super.2003). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id.* at 56.

¶ 16 Furthermore, an appellant who seeks to challenge the discretionary aspects of his or her sentence must provide a separate statement, pursuant to Rule of Appellate Procedure 2119(f), specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated. *Commonwealth v. Boyer*, 856 A.2d 149 (Pa.Super.2004). The 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. *Id.* Appellant has included a 2119(f) statement, and we will proceed to a determination of whether Appellant has raised a substantial question.

¶ 17 In Appellant's 2119(f) statement, he alleges that the trial court imposed a sentence in violation of a particular provision of the Sentencing Code. Specifically, Appellant claims that the trial court erred pursuant to 204 Pa.Code § 303.11(b)(2) by sentencing him to serve his prison time in a state correctional facility (a state sentence) as opposed to a county prison (a county sentence). Brief for Appellant at 9–10.

¶ 18 On the date Appellant committed the offenses enumerated above, Section 303.11 of the Sentencing Guidelines provided as follows:

§ 303.11. **Guideline sentence recommendation: sentencing levels.**

(a) *Purpose of sentence.* In writing the sentencing guidelines, the Pennsylvania Commission on Sentencing strives to provide a benchmark for the judges of Pennsylvania. The sentencing guidelines provide sanctions proportionate to the severity of the crime and the severity of the offender's prior conviction record. This establishes a sentencing system with a primary focus on retribution, but one in which the recommendations allow for the fulfillment of other sentencing purposes including rehabilitation, deterrence, and incapacitation. To facilitate consideration of sentencing options consistent with the intent of the sentencing guidelines, the Commission has established five sentencing levels. Each level targets certain types of offenders, and describes ranges of sentencing options available to the court.

(b) *Sentencing levels.* The sentencing level is based on the standard range of the sentencing recommendation. Refer to § 303.9 to determine which sentence recommendation (i.e.—Basic, Deadly Weapon Enhancement or Youth/School Enhancement) applies. The descrip-

tions of the five sentencing levels are as follows:

(1) *Level 1*—Level 1 provides sentence recommendations for the least serious offenders with no more than one prior misdemeanor conviction, such that the standard range is limited to Restorative Sanctions [RS]. The primary purpose of this level is to provide the minimal control necessary to fulfill court-ordered obligations. The following sentencing option is available:

Restorative Sanctions (§ 303.9(f))

(2) *Level 2*—Level 2 provides sentence recommendations for generally non-violent offenders and those with numerous less serious prior convictions, such that the standard range requires a county sentence but permits both incarceration and non-confinement. The standard range is defined as having an upper limit of less than 12 months and a lower limit of Restorative Sanctions [RS]. The primary purposes of this level are control over the offender and restitution to victims. Treatment is recommended for drug dependent offenders. The following sentencing options are available:

*Total confinement in a county facility under a county sentence* (see 61 P.S. § 331.17).

Partial confinement in a county facility

Restrictive Intermediate Punishments (see § 303.12(a) for eligibility criteria)

Restorative Sanctions (§ 303.9(f))

204 Pa.Code § 303.11(b)(1) and (2) (emphasis supplied).[7]

¶ 19 Upon review of the record, we note that there is no dispute that Appellant's DUI conviction is a level 2 offense, and the Pennsylvania Sentencing Guidelines, 204 Pa.Code §§ 303.1—303.18, recommend confinement in a county facility for level 2, repeat, non-violent offenders such as Appellant.[8] *See* 204 Pa.Code § 303.11(b)(2). Since Appellant has clearly articulated that the sentence violates a particular provision of the Sentencing Code, we find that he has raised a substantial question. We will now proceed to discuss the substantive merits of the issue.

¶ 20 Trial judges in this Commonwealth are granted the discretion to commit con-

---

**7.** The 2005 amendments to the Sentencing Guidelines (amended February 9, 2005, effective June 3, 2005) added the following underlined text to § 303.11(b):

> (b) Sentencing levels. The sentencing level is based on the standard range of the sentencing recommendation. Refer to § 303.9 to determine which sentence recommendation (i.e.—Basic, Deadly Weapon Enhancement or Youth/School Enhancement) applies. *In any case where an individual or aggregate sentence recommendation may include total confinement, county intermediate punishment is recommended for eligible offenders with a minimum sentence recommendation of less than 30 months, and state intermediate punishment is recommended for eligible offenders with a minimum sentence recommendation of 30 months or greater.....*

204 Pa.Code § 303.11(b). As this addition was not part of the Sentencing Code at the

time Appellant committed his offenses, it is not germane to our discussion. *See* § 303.1(c).

**8.** A third DUI conviction is graded as an M1. 75 Pa.C.S.A. § 3731(e). However, since Appellant's prior convictions were in New York, they cannot be considered for gradation purposes. *See Commonwealth v. Kinney*, 777 A.2d 492 (Pa.Super.2001) (offenses from other jurisdictions cannot, under the language of § 3731(e)(1) be used for grading of the current offense; however, offenses from other jurisdictions are statutorily required to be used in determining the sentence). Accordingly, while Appellant's crime is graded an M2, it remains a level 2 offense (*see* 204 Pa.Code § 303.11(b)(2)), and the 90 day mandatory minimum implicated for a third DUI conviction still applies (*see* 75 Pa.C.S.A. § 3731(e)(1)(iii)).

victed criminals with maximum sentences of two years or greater to the Pennsylvania Department of Corrections.

### § 9762. Sentencing proceeding; place of confinement

All persons sentenced to total or partial confinement for:

(1) maximum terms of five or more years shall be committed to the Bureau of Correction for confinement;

(2) maximum terms of two years or more but less than five years *may be committed to the Bureau of Corrections for confinement or may be committed to a county prison* within the jurisdiction of the court;

(3) maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court except that as facilities become available on dates and in areas designated by the Governor in proclamations declaring the availability of State correctional facilities, such persons may be committed to the Bureau of Correction for confinement.

42 Pa.C.S.A. § 9762 (emphasis supplied).

¶ 21 As emphasized above, 204 Pa.Code § 303.11(b)(2) provides a recommendation for a county sentence for level 2 offenses, but it is not a mandate. Our Court recently had an opportunity to address recommendations for county versus state sentences.

¶ 22 In *Commonwealth v. Fullin,* 892 A.2d 843 (Pa.Super.2006), a panel of this Court explained that 204 Pa.Code § 303.11(b)(2) provides for county sentencing options only when the Level 2 offender is sentenced in the standard range, which is defined as having an upper limit minimum sentence of less than 1 year in prison and a lower limit minimum sentence of restorative sanctions. *See Fullin,* at 850 (internal quotation marks omitted). In

*Fullin,* the appellant was sentenced to a period of 1 to 3 years in prison, which was an aggravated range sentence, outside the criteria for level 2 sentencing recommendations. *See id.* Therefore, *Fullin* is readily distinguishable from the case at bar.

¶ 23 Here, Appellant's minimum sentence was 3 months; clearly within the minimums enumerated in level 2 and, as stated above, having a recommendation for incarceration in a county facility. *See* 204 Pa.Code. § 303.11(b)(2). In light of this recommendation, we turn now to the reasons the trial court exercised its discretion and imposed a state sentence as opposed to a county sentence.

¶ 24 The transcript of the sentencing proceedings reveals that the trial court heard from Appellant, counsel for Appellant, and counsel for the Commonwealth. N.T. Sentencing 04/18/2005, at 7–11. Counsel for Appellant argued in support of a short sentence, while counsel for the Commonwealth argued for a sentence of the mandatory minimum of 90 days to a maximum of 24 months. *Id.* at 9. Counsel for the Commonwealth noted that such a sentence should place Appellant in a state correctional facility, and counsel for the Commonwealth based this recommendation on the fact that the instant case represented Appellant's fifth alcohol-related driving offense in the last twenty years. *Id.*

¶ 25 The trial court then addressed Appellant directly about his alcohol abuse, and the court expressed its concerns regarding Appellant's past convictions. Without providing any rationale, the trial court proceeded to impose the 3 to 24 month state sentence. *Id* at 12. As stated above, this was certainly an option the trial court had at its disposal. However, we are constrained to remand this case for resentencing because the sentence is con-

trary to the Sentencing Guidelines with respect to the sentence being served in a state versus county facility without any reason therefore.

¶ 26 It is well settled that a sentencing court must place on the record the reasons for sentencing an individual outside the guidelines. *Commonwealth v. Smith,* 369 Pa.Super. 1, 534 A.2d 836, 838 (1987). We concede that the cases dealing with the issue of sentencing outside the guidelines typically concern the length of sentence; however, we find that where the trial court has the discretion to impose a state sentence or a county sentence, the court must articulate its reasons for choosing state time when county time is recommended under the guidelines.

¶ 27 Section 303.11(b)(2), which enumerates sentencing levels, is no less a part of the Sentencing Guidelines as the sections relating to duration of sentence. Accordingly, we hold that in cases where the Sentencing Guidelines recommend a county sentence, but the trial court has the option to impose either a county sentence or a state sentence, the court shall place the reasons for imposing a state sentence on the record. To reach any other conclusion would render Section 303.11 mere surplusage. *See Commonwealth v. Ostrosky,* 866 A.2d 423 (Pa.Super.2005) citing 1 Pa. C.S.A. §§ 1921, 1922 (the principles of statutory construction indicate that, whenever possible, each word in a statutory provision is to be given meaning and not to be treated as surplusage). Because the trial court did not enumerate its reasons for imposing a state sentence when a county sentence was recommended, we find that it committed an abuse of discretion.

¶ 28 For the reasons stated above, we find that Appellant is entitled to no relief on his first claim of error wherein he challenged the sufficiency of the evidence; accordingly, his DUI conviction is upheld.

However, we grant allowance of appeal on the second issue, and we remand this case to the trial court for resentencing on the DUI conviction. The trial court shall have all of the options it had at the time of the imposition of the original sentence. Should the trial court opt not to follow the Sentencing Guidelines that recommend a county sentence, and instead impose a state sentence, the trial court shall place on the record its reasons for so doing.

¶ 29 Conviction upheld. Petition for allowance of appeal granted. Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.