J-S72016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLINTON EDWARD WILSON, | : | |
| | : | |
| Appellant | : | No. 328 WDA 2014 |

Appeal from the Judgment of Sentence Entered August 15, 2013,
In the Court of Common Pleas of Allegheny County,
Criminal Division, at No. CP-02-CR-0002855-2012.

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 16, 2015**

Appellant, Clinton Edward Wilson, appeals from the August 15, 2013,

judgment of sentence entered in the Court of Common Pleas of Allegheny

County.  We affirm.

The following is a summary of the procedural history of this case:

> On May 8, 2013, [Appellant] was tried before this
> Honorable Court without a jury, along with Co-Defendants,
> Clifford Anthony Wilson and Dayton Shelton.
>
> At the conclusion of the Non-Jury Trial, [Appellant] was
> found guilty of all charges:  Count I of Robbery (Inflicting
> Serious Bodily Injury); 1 Count of Robbery of a Motor Vehicle
> (Causing Bodily injury); 1 Count of Kidnapping, 1 Count of
> Aggravated Assault (Causing Bodily Injury); 1 Count of Unlawful
> Restraint; and 1 Count of Criminal Conspiracy.
>
> On August 15, 2013, [Appellant] was sentenced by this
> Honorable Court to not less than four (4) years, and no more
> than eight (8) years of incarceration at Count I, with a minimum

_____
*Retired Senior Judge assigned to the Superior Court.

period of probation of five (5) years, and a maximum period of five (5) years. [Appellant] also had the following conditions imposed:

1. No contact with the victim;
2. Comply with DNA Registration;
3. Complete a GED Program; and
4. Pay restitution in the amount of $750.

As to the remaining Counts, no further penalties were imposed.

[Appellant] filed Post-Sentence Motions on August 21, 2013, which were denied by Operation of Law on January 27, 2014. [Appellant] filed a timely Notice of Appeal on February 25, 2014. On February 26, 2014, this Court entered an Order requiring [Appellant] to file a Concise Statement of Matters Complained of on Appeal. On March 10, 2014, [Appellant] filed his Concise Statement per the Order of Court.

Trial Court Opinion, 6/5/14, at 2-3.

The trial court summarized the factual history of this case as follows:

On August 19, 2011 at approximately 1 a.m., the victim indicated he was sitting inside his motor vehicle, parked in front of his house and talking on the phone with his girlfriend. At that time, approximately 3-5 black males approached his vehicle. The victim stated that two black males entered his vehicle (a red 1995 Pontiac Firebird), put a gun to his head and pushed him into the back seat. The victim, during the [t]rial, identified one of the males in the car with him, the one in the driver's seat, as [. . .] Dayton Shelton.

The victim next testified he struggled with one male holding a gun; he attempted to take the gun away, unsuccessfully, when another male pointed a gun/rifle at his head. He was then hit with a stun gun. The victim stated he was then driven to a set of row houses and brought outside the vehicle. The males started to hit him in the face with their guns. The victim next identified the other individuals in the alley way. He stated two of them were in Court [. . . .] The record then

reflected the victim's identification of [Appellant] and Clifford Anthony Wilson.

The victim indicated he was then dragged into an abandoned row house and put in the basement. The victim testified the men duct taped his hands and feet together, and put tape over his mouth. The victim clearly testified that he never met any of these individuals before that day.

According to the victim, [Appellant] asked him where the money was, and hit him across the face with the butt end of his gun. The victim stated that [Appellant] asked the victim to call his cousin, Frank Harris, for $150,000 or they would kill him. The victim stated he gave [Appellant] Mr. Harris' cell phone number, and that man called Mr. Harris to make the demand.

After the men left the abandoned house, the victim stated that he acquired a nail and used it to break the tape from around his ankles and wrists. The victim next crawled out a back window and escaped from the building. The victim stated he realized he was a half block away from his home. When he arrived at his home, his cousin, Frank Harris, and his nephew were sitting in front of the house, and within 3-4 minutes the Police arrived.

Eventually, the victim indicated he was able to search his home to see if anything was missing. He noticed the living room television, the bedroom television, and his PlayStation were missing. The values of the items were approximately $2,300.

After the Police arrived, they showed [Appellant] some photographs and he was able to identify Dayton Shelton from that night. Later, Detective Duncan showed him a photo array and he also identified Clifford Anthony Wilson. Detective Duncan showed him another photo array, and again he was able to identify Dayton Shelton.

The victim stated he sustained a shattered cheek bone, a broken nose, scars and lacerations due to the incident that required hospitalization.

Detective Charlotte Hughes, from the Mobile Crime Unit, testified for the Commonwealth. She indicated she was assigned to meet with the Robbery Detectives and execute a Search Warrant on a Pontiac Firebird. The first thing she did was photograph the vehicle, then took DNA samples, photographed the inside of the vehicle, and dusted it for fingerprints.

Detective Hughes identified Commonwealth's Exhibit No. 3, a photo of the trunk of the car, which showed a roll of masking tape. She also fingerprinted five (5) CD's located in the passenger compartment, and she obtained four (4) fingerprints from these CD's. Once she lifted the fingerprints from the CD's, she took them back to the Office and they were submitted to the Latent Print Examiner, John Godlewski.

John Godlewski also testified for the Commonwealth. He stated he has been a Police Officer for twenty-one (21) years, with the last fourteen (14) years being with the Pittsburgh Mobile Crime Unit. He stated he is a Certified Latent Fingerprint Examiner.

He testified that there were five (5) fingerprints involved in this case that were evaluated to determine their value, either of value, or no value. Once completed, four of the latented lifts were determined to be of value. One of the lifts was submitted through the automated system AFIX.

Detective Godlewski testified that as a result of AFIX, he then compared the latent fingerprints to the known prints of Clinton Edward Wilson. The four lifts of value in this case were determined to match Wilson's impressions.

* * *

Finally, Detective Godlewski opined the determinations he made about these fingerprints [on one of the CD's] belonging to [Appellant] are held to a very high degree of scientific certainty.

Trial Court Opinion, 6/5/14, at 5-9 (internal citations omitted).

Appellant presents the following issue for our review:

> 1. Did the Trial Court err in determining that the fingerprint evidence was sufficient to sustain a conviction as to robbery of a motor vehicle, and kidnapping, when it could not establish when the fingerprints were left and when the fingerprints were recovered from movable property inside the motor vehicle?

Appellant's Brief at 4.[1]

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Duncan**, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Id**. (quoting **Commonwealth v. Brewer**, 876 A.2d 1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. **Id**. Moreover, this Court may not

---

[1] We note that Appellant challenges the sufficiency of the evidence on the robbery of a motor vehicle and kidnapping charges in his appellate brief. When challenging the sufficiency of the evidence on appeal, the Appellant's Pa.R.A.P. 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (citations omitted). However, Appellant failed to articulate in his Pa.R.A.P. 1925(b) statement the specific charges he was challenging, let alone identify any of the specific elements of the crimes he was challenging. For this reason, we could find his claims waived. **Gibbs**, 981 A.2d at 281. For purposes of this appeal, nonetheless, we find that his claims are sufficiently preserved to allow this Court to conduct review of his issue.

substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id*. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. ***Commonwealth v. Hartle***, 894 A.2d 800, 804 (Pa. Super. 2006).

Appellant asserts that the evidence submitted by the Commonwealth was insufficient as a matter of law to convict him of kidnapping and robbery of a motor vehicle. Appellant's Brief at 11. Appellant maintains that the fingerprint evidence recovered on the CD's from within the passenger compartment of the victim's car was insufficient to establish Appellant's guilt of these crimes. *Id.* at 12. Appellant argues that the evidence of record, including the victim's testimony and the fingerprint evidence, does not place Appellant "inside or near the vehicle on the evening of August 19, 2012." *Id.* at 14.

Upon review of the issue raised, the credibility determinations made by the trial court, the certified record, the briefs of the parties, and the applicable legal authority, we conclude that the trial court opinion entered on June 5, 2014 comprehensively and correctly disposes of Appellant's appeal. Accordingly, we affirm Appellant's judgment of sentence, and we do so based on the trial court's opinion. The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015