**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHNNY MCCANTS, | |
| Appellant | No. 2875 EDA 2014 |

Appeal from the Judgment of Sentence September 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002750-2013

BEFORE:  BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 16, 2015**

Appellant, Johnny McCants, appeals from the judgment of sentence entered following his convictions of possession of a controlled substance with intent to deliver ("PWID") and simple possession of a controlled substance. We affirm.

The trial court summarized the underlying facts of this case as follows:

On January 23, 2013, shortly after 5:00 p.m., Philadelphia Police Officer Maurice Rhoads, assigned to the Narcotics Fi[e]ld Unit, along with Sergeant Stephen Holts, and Officer Louis Hardy went to the area of 62nd and Arch Streets to conduct a drug investigation based on information received from a confidential informant (hereinafter "[the] CI ").[1]  During the meeting, in Officer Rhoad's presence, Officer Rhoads had the CI call a certain telephone number and engage the male who answered in a drug related conversation.  Thereafter, the CI agreed to meet the purported seller at 62nd and Arch Streets.  (N.T. 11).  The CI was searched by Officer Rhoads to make sure he was not in possession of contraband.  The CI was given $20.00, the serial

number of which had been recorded, and directed to purchase drugs with the "buy" money. Id.

> [1] All references to the record refer to the transcript of Appellant's trial recorded on July 8, 2014.

Upon arrival, Officer Rhoads observed Appellant approach the CI and engage in a brief conversation. Appellant then handed the CI small objects in exchange for the CI's $20.00 in "buy" money. (N.T. 11-12). Following the transaction, the CI met with Officer Holts as Officer Rhoads followed Appellant as he walked eastbound on Arch Street. (N.T. 12). Officer Rhoads observed Appellant stop on the driver's side of a white Mercury Cougar before entering a property located at 61 N. 62nd Street. (N.T. 12).

After observing Appellant enter the aforementioned location, Officer Rhoads began a surveillance of the residence. (N.T. 12-13). The officers then had the CI again telephone the phone number he had earlier dialed to initiate another purchase of drugs. (N.T. 13). The male on the other end of the line told the CI to meet him at 62nd and Arch Streets. Id. Officer Rhoads instructed Officer Hardy follow the CI to that location so that he could continue his surveillance of 61 N. 62nd Street. (N.T. 12-13). While watching the property, Officer Rhoads saw Appellant leave the property and walk westbound on Arch Street. Officer Rhoads contacted Officer Hardy to advise him that Appellant was walking in the direction of 6200 block of Arch Street. (N.T. 14-15).

A few minutes later, Officer Hardy informed Officer Rhoads that a transaction had occurred and that after the transaction, the CI met up with Officer Holts. Officer Hardy also related to Officer Rhoads that Appellant was walking back toward him. (N.T. 15). Shortly thereafter Officer Rhoads saw Appellant, who stopped at the white Mercury and remove a white plastic [item] from its trunk, reenter 61 N. Arch Street. Id.

During the second surveillance, Officer Hardy observed the CI, who was searched prior to the transaction, hand Appellant $20.00 in pre-recorded "buy" money and, in exchange, receive a small object. (N.T. 40). The CI remained in Officer Hardy's vision the entire time. (N.T. 40).

Immediately after consummating the transaction with Appellant, the CI met with Sergeant Holts and handed him two green packets containing a white chunky substance. (N.T. 51). Testing of the substance in the packets revealed it to be crack cocaine. Id.

Officer Rhoads thereafter prepared an Affidavit of Probable Cause and then obtained search warrants for the white Mercury and the residence located at 61 N. 62nd Street. On January 24, 2013, prior to executing those warrants, Officer Rhoads again began a surveillance of 61 N. 62nd Street. (N.T. 16). While so engaged, Officer Rhoads observed Appellant and another male exit the residence and enter the white Mercury, which then was driven eastbound on Arch Street. Id. Officer Rhoads followed the car to the 6100 block of Ludlow Street where, Officer Rhoads, with the assistance of other officers, stopped the vehicle and ordered Appellant and the other male to exit the vehicle after it was parked. As Appellant did so, he was observed discarding a green packet containing crack cocaine. (N.T. 16-17, 24). That packet was identical to the four packets surrendered by the CI to police after his two transactions with Appellant. (N.T. 17). Officer Rhoads executed the warrant and searched the car, which yielded no evidence. (N.T. 18). From Appellant, police recovered $51.00, a cell phone, and a Pennsylvania Identification Card. (N.T. 22-23).[2]

> [2] The telephone number used by the CI was not the number for the phone seized from Appellant and the $51.00 confiscated from him did not contain the "buy" money. (N.T. 24-25, 26).

After completing the search of the car, Officer Rhoads went to 61 N. 62nd Street to execute the search warrant for that property. The search yielded two clear packets of marijuana from inside a gym bag situated in the dining room, two green packets of marijuana and numerous unused packets of different colors from a second floor middle bedroom, and a digital scale from the kitchen. (N.T. 19, 23). Police also recovered a letter containing Appellant's name and the address of 61 N. 62nd Street from on top of a coffee table in the living room. (N.T. 22).

Trial Court Opinion, 1/20/15, at 2-4.

Appellant was charged with one count each of PWID, criminal use of a communication facility, simple possession of a controlled substance, and possession of drug paraphernalia. On July 8, 2014, at the conclusion of a nonjury trial, Appellant was convicted of the crimes of PWID and possession of a controlled substance. On September 12, 2014, the trial court sentenced Appellant to serve a term of incarceration of eleven and one-half to twenty-three months to be followed by four years of probation for the conviction of PWID. Appellant, acting *pro se*, filed a timely notice of appeal, and present counsel was appointed to represent Appellant. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

A. DID THE TRIAL COURT ERR WHEN IT FOUND THAT THERE WAS SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] WAS GUILTY OF THE CRIMINAL OFFENSE OF POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE?

Appellant's Brief at 2.

Appellant argues that the Commonwealth failed to prove the crime PWID beyond a reasonable doubt. Essentially, Appellant contends that the Commonwealth relied strictly on circumstantial evidence that was not sufficient to prove the elements of the crime.

When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences

to be drawn from the evidence.  **Commonwealth v. Duncan**, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted).  "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt."  **Id**. (quoting **Commonwealth v. Brewer**, 876 A.2d 1029, 1032 (Pa. Super. 2005)).  However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence.  **Id**.  In addition, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed.  **Id**.  Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.  **Commonwealth v. Hartle**, 894 A.2d 800, 804 (Pa. Super. 2006).

In order to uphold a conviction for possession of narcotics with the intent to deliver pursuant to 35 P.S. § 780-113(a)(30), the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. **Commonwealth v. Aguado**, 760 A.2d 1181, 1185 (Pa. Super. 2000) (*en banc*).  The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case.  **Commonwealth v. Conaway**, 791 A.2d 359, 362-363 (Pa. Super. 2002).  Factors that may be relevant in establishing that drugs were possessed with the intent to deliver

include the particular method of packaging, the form of the drug, and the behavior of the defendant. *Aguado*, 760 A.2d at 1185. Moreover, we have held that circumstantial evidence is reviewed by the same standard as direct evidence–that is, that a decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

In addressing Appellant's challenge to the sufficiency of the evidence to sustain his guilty verdict, the trial court offered the following analysis:

> Drawing all inferences in favor of the Commonwealth as the law requires, it is clear that the evidence was sufficient to sustain the verdict finding Appellant guilty of the charge of PWID. Before twice sending the CI to meet Appellant, police observed the CI arrange a drug transaction telephonically. Following the call, police saw the CI, who was searched and determined not to be in possession of contraband, meet with Appellant and engage in transactions with him that entailed the exchange of U.S. currency for small items. Immediately, the CI returned to police and surrendered two green packets of crack cocaine. When arrested, Appellant discarded a green packet of crack cocaine that was identical to the four packets surrendered by the CI.

> Although the police were unable to see exactly what was exchanged between the CI and Appellant, circumstantially, the evidence proved beyond a reasonable doubt that Appellant possessed cocaine at the beginning of the transaction and delivered it to the CI in exchange for money given that when the CI returned to police, having earlier been searched and determined not to be in possession of narcotics, he delivered cocaine to the police. *See* [*Commonwealth v.*] *Daniels*, 999 A.2d [590,] 595 [(Pa. Super. 2010)] (evidence was sufficient to support defendant's conviction for PWID where police saw a man approach defendant while defendant was sitting in parked car and engage in a hand-to–hand exchange of money for small

objects; a stop and search of the man yielded a blue-tinted packet of heroin, which was similar to five blue heat-sealed packets of heroin found in defendant's possession); *Commonwealth v. Aguado*, 760 A.2d 1181 (Pa. Super. 2000) (finding evidence sufficient to support PWID conviction where police officer witnessed appellant accept cash from an unidentified male in exchange for small objects after which appellant was found in possession of vials of cocaine). Thus, the evidence was clearly sufficient to support the PWID charge.

Appellant's assertion that he should not have been convicted of delivering cocaine because the search of the residence yielded only marijuana, does not render the evidence insufficient to support the PWID. Police observed Appellant engage in two transactions with the CI during which the CI received cocaine from Appellant that the CI surrendered to police.

Trial Court Opinion, 1/20/15, at 6-7.

Upon thorough review of the certified record, we agree that the circumstantial facts are sufficient for the trial court sitting as the finder of fact to conclude beyond a reasonable doubt that Appellant possessed a controlled substance with the intent to deliver it. Accordingly, the evidence is sufficient to prove that Appellant committed the crime of PWID. Therefore, Appellant's contrary argument lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015

- 7 -