J-S70028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL PEEKS | : | |
| | : | |
| Appellant | : | No. 431 MDA 2017 |

Appeal from the Judgment of Sentence January 26, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001352-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 12, 2018**

Appellant, Michael Peeks, appeals from the judgment of sentence

entered following his conviction of one count of escape.  We affirm.

The trial court summarized the history of this case as follows:

> Appellant had been at the Dauphin County Work Release
> Center for drug related charges.  (Notes of Testimony, Guilty
> Plea & Sentencing, January 26, 2017 p. 3-4).  On November 22,
> 2015, he was permitted to leave the center to go to work at
> Arooga's.  (N.T. [p]. 4).  Appellant did not return from work per
> his usual schedule.  *Id*.  A ["be on the look out"] was put out for
> his arrest as he never returned to the center.  *Id*.  Ultimately, a
> GPS check was performed and it was discovered that Appellant
> went to an unauthorized location at Herr and Susquehanna
> Streets in Harrisburg.  *Id*.[1]

---

[1] On November 23, 2015, the police filed a criminal complaint charging
Appellant with the crime of escape, 18 Pa.C.S. § 5121.

[Appellant] completed the second chance program at Dauphin County Prison. (N.T. p. 4). He remained in the program to help with his recovery and had a letter from GQ Barbershop in Carlisle, PA, indicating they were willing to hire him upon release. (N.T. p. 5).

[On January 26, 2017,] Appellant pleaded guilty to the escape charge with no plea agreement in place. (N.T. p. 2[).] He acknowledged reviewing a guilty plea colloquy with his attorney and indicated that he understood everything in it, including the maximum penalties. (N.T. p. 3)[.] Per the guilty plea colloquy, the maximum sentence of incarceration was 7 years and the maximum fine was $15,000.

Trial Court Opinion, 5/15/17, at 1-2 (footnote omitted). At the close of the guilty-plea hearing, the trial court sentenced Appellant to serve a term of incarceration of one and one-half to three years. In addition, the trial court set forth the subsequent procedural history of this matter as follows:

On January 30, 2017, Appellant filed an optional Post-Sentence Motion claiming that [his] sentence was excessive and unreasonable such that is [sic] constituted too severe a punishment in light of his rehabilitative needs and what is needed to protect the public. Thereafter on February 1, 2017, this [c]ourt denied the motion. On February 27, 2017, this [c]ourt received a timely Notice of Appeal filed with the Superior Court of Pennsylvania. This [c]ourt ordered Appellant on March 6, 2017, to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with said Order on March 27, 2017.

*Id*. at 1. The trial court has authored an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issue for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO ONE AND A HALF (1 1/2) TO THREE (3) YEARS OF INCARCERATION WHERE THE SENTENCE IS

- 2 -

EXCESSIVE AND UNREASONABLE IN LIGHT OF THE APPELLANT'S AGE, ADDICTION ISSUES, AND REHABILITATIVE NEEDS?

Appellant's Brief at 5 (underlining omitted).

Appellant's sole issue challenges the discretionary aspects of his sentence. It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, in such a case, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case

- 3 -

basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. ***Id***.

Herein, the first three requirements of the four-part test are met. Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and he included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Appellant argues that the trial court imposed an excessive sentence in light of Appellant's age, addiction issues, and rehabilitative needs. Appellant's Brief at 11. Considering this claim to be an allegation that the sentencing court failed to consider factors set forth under 42 Pa.C.S. § 9721(b),[2] we conclude that, in this instance, Appellant has raised a substantial question. ***See Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial

---

[2] We note that the factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)).  Because Appellant has stated a substantial question, we will address this claim on appeal.

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  *Fullin*, 892 A.2d at 847.  In this context, an abuse of discretion is not shown merely by an error in judgment.  *Id*.  Rather, the appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.  *Id*.

Indeed, the sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as the sentencing court is in the best position to view the defendant's character, displays of remorse, defiance, indifference, and the overall effect and nature of the crime.  *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).  As previously noted, when imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).  As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the

defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id***.

Appellant asserts that, in fashioning his sentence, the sentencing court failed to consider properly Appellant's age, the fact that he had completed a "second chance" program in Dauphin County Prison, and with addiction treatment outside of prison Appellant could become a productive member of society. Appellant's Brief at 13. However, we discern no abuse of discretion on the part of the sentencing court.

Our review of the record reflects that prior to imposing Appellant's sentence, the court reviewed Appellant's history, heard defense counsel's argument and recitation regarding Appellant's attempts at continuing his recovery from addiction, and heard Appellant's allocution expressing his desire to continue with his addiction recovery. N.T., 1/26/17 at 4-7. Also, the sentencing court stated, "Well, I don't underestimate that you're a smart man. I just think the drugs were starting to take over . . . and you allowed them to." ***Id***. at 5-6. Furthermore, the sentencing court acknowledged Appellant's extensive prior criminal history and stated, "You gave yourself a book of a record. . . . Pretty bad? You're a re-fel. There is no higher." ***Id***. at 6-7. The sentencing court further stated, "I guess my concern though is you had a prior escape so you knew what this charge would do to you." ***Id***. at 7.

Moreover, the sentencing court made the following statement when it imposed Appellant's sentence:

> I think you are trying to make strides in your life but I still think that you still need to get the treatment and be detained at the same time.
>
> So at this time, I'm sentencing you at Count 1 to one and a half to three years in a state prison. I'm going to ask the state prison to evaluate you for the best facility, one that provides you with drug and alcohol treatment so that once you are released then you can start making strides to better yourself. Do you understand that?

N.T., 1/26/17, at 8.

In addition, the trial court offered the following discussion in addressing Appellant's sentencing issue:

> In the present case, the sentence was within the statutory limits so Appellant argues it was manifestly excessive. He specifically indicates that he completed the Second Chance Program after the Court suggested he do so and was under the impression that if he completed the program he would be paroled at the time of sentencing. Additionally, the sentence required that he be transferred to a State Correctional Institution after he had served a year in [D]auphin County Prison.
>
> Indeed, following sentencing, Appellant motioned to withdraw his guilty plea, which was denied. At that time he addressed the Court to say that the last time he was in front of the Court, we indicated we would take a chance on him if he completed the program. Our response was then and is now "I did. And that's why I gave you only one and half to three. I was actually looking at 5 to 10." (N.T. p. 10).
>
> His impression of what the sentence would be at a prior hearing is entirely irrelevant when it comes to the actual sentence. He knew he was making an open plea. We explained that he was a re-fel who would have known what this escape charge would do. (N.T. p. 6-7). Lastly we explained that while we did see an effort to make strides in his life, it seemed more

- 7 -

appropriate to provide him treatment while being detained. (N.T. p. 8).

Finally, the location of his incarceration is a determination made entirely by statu[t]e. His time at Dauphin County Prison was relatively lengthy due to his treatment program. Had he not undergone treatment, he would have been able to appear in front of this [c]ourt earlier and he would not have spent so much time at [Dauphin County Prison]. In particular, as stated at sentencing, we felt that a State Correctional Institution would provide Appellant with the appropriate treatment programs to help him in his recovery. (N.T. p. 8).

Trial Court Opinion, 5/15/17, at 2-3.

Upon review of the record, we conclude the trial court presented adequate reasons for imposing the instant sentence upon Appellant. There is no indication that the sentencing court ignored any relevant factors in fashioning the sentence. Accordingly, it is our determination that there was no abuse of discretion on the part of the sentencing court. Thus, we conclude this claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2018

- 8 -