J-S43015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        : PENNSYLVANIA
                                        :
               v.                         :
                                        :
                                        :
ROBERT B. GOHLMAN                :
                                        :
           Appellant            : No. 457 WDA 2020

Appeal from the Judgment of Sentence Entered June 6, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000666-2018

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:          **FILED JANUARY 22, 2021**

Appellant, Robert B. Gohlman, appeals *nunc pro tunc* from the judgment of sentence entered on June 6, 2019, in the Crawford County Court of Common Pleas. We affirm.

The record reveals that the Commonwealth charged Appellant with one count of corruption of minors, graded as a misdemeanor of the first degree. Criminal Information, 9/13/18. In the criminal information, the Commonwealth specified the actions constituting the crime and alleged Appellant "did masturbate a dog in the presence of a known juvenile." ***Id.*** The trial court summarized the procedural history as follows:

> [Appellant], on April 18, 2019, negotiated a plea of guilty to corruption of minors, a misdemeanor of the first degree, 18 Pa.C.S.A. § 6301(a)(1)(i). There was no agreement as to sentencing. … The plea agreement was accepted that day by the undersigned, and a state sentence of 12 to 36 months was imposed on June 6, 2019, with credit for thirty-two days of

presentence incarceration. [Appellant's] motion to reconsider and modify his sentence, timely filed on June 17, 20[19], was denied. Order, 6/18/19. He did not file a direct appeal, but his appellate rights were reinstated *nunc pro tunc* when a timely[]filed petition for post-conviction collateral relief was granted. *See* Order, 3/27/20. [Appellant's] *nunc pro tunc* notice of appeal was timely filed six days thereafter.

Trial Court Opinion, 4/14/20, at 1-2 (internal footnote omitted). Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for our consideration:

Whether the sentencing court abused its sentencing discretion by sentencing [A]ppellant to a minimum incarceration term of twelve (12) months for his conviction of Corruption of Minors?

Appellant's Brief at 8.

Appellant's issue presents a challenge to the discretionary aspects of his sentence, and it is well settled that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Id.** at 170. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a query that must be evaluated on a case-by-case basis. **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001).

Herein, we conclude that the first three requirements of the four-part test were met: Appellant filed a timely appeal; Appellant preserved the issue in his post-sentence motion; and Appellant included a statement raising this issue in his brief pursuant to Pa.R.A.P. 2119(f). **Moury**, 992 A.2d at 170. Therefore, we must determine whether Appellant has raised a substantial question. **Id.**

In order to decide whether Appellant has raised a substantial question, we examine the Pa.R.A.P. 2119(f) statement. **Commonwealth v. Ahmad**, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code.[1]

---

[1] 42 Pa.C.S. § 9701, *et seq*.

*Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id.*

In his Pa.R.A.P. 2119(f) statement, Appellant contends that the trial court abused its discretion by imposing an excessive sentence. Appellant's Brief at 11. Appellant avers that the Commonwealth did not request the imposition of a state sentence,[2] but the trial court "ignored the prosecution's position and instead sentenced [A]ppellant to serve a minimum incarceration term of 12 months and to a maximum incarceration term of 36 months." *Id.* Appellant contends that although the act of masturbating a dog in the presence of a minor is "very unusual and weird," it does not warrant a state sentence. *Id.*

In its brief as the appellee, the Commonwealth states that Appellant's contention is "conclusory," and it does not amount to a substantial question. Commonwealth's Brief at 10. After review, we agree.

Appellant's Pa.R.A.P. 2119(f) statement focuses on Appellant's behavior and his displeasure with the imposition of a state sentence. Appellant's Brief at 10. Appellant baldly asserts that although masturbating a dog in the

---

[2] Generally, a "state sentence" is a period of incarceration where the maximum term is two years or more and the defendant is committed to the Pennsylvania Department of Corrections for confinement. 42 Pa.C.S. § 9762(b).

presence of a child is "odd," the trial court abused its discretion in sentencing Appellant in the aggravated range of the sentencing guidelines. *Id.* However, Appellant's Pa.R.A.P. 2119(f) statement fails to set forth a plausible argument that the sentence violates the Sentencing Code or is in any way contrary to the fundamental norms underlying the sentencing process. *Hartle*, 894 A.2d at 805. Accordingly, we conclude that Appellant has failed to present a substantial question, and we affirm the judgment of sentence.

Assuming, *arguendo*, that we were to find that Appellant raised a substantial question, we would conclude that there was no abuse of discretion in the sentence imposed.[3] The trial court addressed Appellant's challenge to the discretionary aspects of the sentence as follows:

> Corruption of minors as a first degree misdemeanor has an offense gravity score (OGS) of 4. 204 Pa.Code §§ 303.3(a), 303.15. [Appellant's] criminal history, as listed on his Guideline Report (a copy of which is attached hereto as Exhibit B), yields a prior record score (PRS) of 2. *Id.* §§ 303.4(a)(1), 303.7(a)(5)(ii) ("Two points are added if the offender was previously convicted of four or more misdemeanors."). According to the Basic Sentencing Matrix, and as indicated on [Appellant's] Guideline Sentence Form, the standard range minimum sentence for an OGS of 4 and PRS of 2 is "RS - <12 months" (i.e., restorative sanctions to less than twelve months), with an aggravated and mitigated range of "+/-3 months," respectively. *Id.* §§. 303.13(a)(3), 303.16(a). [Appellant's] one year minimum sentence was thus one day longer than the upper limit of the standard range, and at the bottom of the aggravated Sentencing Guideline range.

---

[3] Sentencing is a matter vested in the sound discretion of the trial court, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion. *Commonwealth v. Kitchen*, 162 A.3d 1140, 1146 (Pa. Super. 2017).

The reasons for imposing an aggravated sentence appear in the record of the sentencing hearing. *See* Transcript of Colloquy Taken at Time of Sentence (Tr.) 12-13; 42 Pa.C.S. § 9721(b) ("In every case in which the court imposes a sentence for a ... misdemeanor, ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."). Those reasons were also listed on the sentence Order, as follows:

1. [Appellant] was on supervision as the time of the offense;

2. [Appellant] has been revoked from prior county sentences;

3. This sentence is only 1 day into the aggravated range; and

4. The facts underlying the corruption charge are disturbing, i.e., masturbating a dog in the presence of a juvenile.

"The sentencing code requires the trial court to consider the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Smith*, 863 A.2d 1172, 1178 (Pa. Super. 2004) (citing 42 Pa.C.S.A. § 9721[b]). The record demonstrates that the undersigned considered and articulated these factors, imposing a penalty that was individualized and tailored to [Appellant] based upon the inadequacy of supervision in protecting the public,[3] the gravity of his offense in involving a minor while sexually arousing "man's best friend,"[4] and the need for rehabilitation of his thought processes.[5] Also appropriately considered in relation to the second and third factors was [Appellant's] lack of remorse, discernable at the hearing[6] and later reaffirmed.[7] *See Commonwealth v. Grays*, 167 A.3d 793, 817 (Pa. Super. 2017) ("this Court has held that 'it is undoubtedly appropriate for a trial court to consider a defendant's lack of remorse as a factor at sentencing, provided that it is specifically considered in relation to protection of the public, the gravity of the offense, and the defendant's rehabilitative needs.'") (quoting *Commonwealth v. Bowen*, 975 A.2d 1120, 1125 (Pa. Super. 2009)). Based upon the foregoing, the [c]ourt believes the sentence to have been appropriate*. See Commonwealth v. Pasture*, 630 Pa. 440, 451, 107 A.3d 21, 27 (2014) ("a trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts

utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence"); *cf. Commonwealth v. Walls*, 592 Pa. 557, 568, 926 A.2d 957, 963 (2007) ("Under the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence **outside** the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.' 42 Pa.C.S. § 9781(c), (d).") (emphasis added).

[3] *See* Tr. 13:6 ("he doesn't seem to do very well on supervision").

[4] *See* Tr. 13:1-2 (It's hard to understand how any right-thinking person would do a thing like this under any circumstance let alone in the presence of a juvenile").

[5] *See* Tr. 13:3 ("I do think [Appellant] has something going on that needs to be addressed.").

[6] *See* Tr. 13:11-12 ("his body language seems demonstrative of an attitude that he doesn't understand why the Court system finds his conduct to be aberrant and illegal"); *see also id*. 6:12-13 (1st A.D.A.: "[Appellant] thinks it was funny").

[7] In a letter to the undersigned dated January 15, 2020 (copy attached hereto as Exhibit C), [Appellant] wrote that "the corruption charge has nothing to do with a minor sir just a dog when I was drunk we've all done stupid stuff when we are drunk I just happened to do a stupid drunken bet."

Trial Court Opinion, 4/14/20, at 2-4.

"In every case where the court imposes a sentence ... outside [of the sentencing guidelines,] the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). "This requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence."

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (internal citation and quotation marks omitted).

In the instant case, the trial court properly enumerated and discharged its responsibilities in sentencing Appellant. *Antidormi*, 84 A.3d at 760; 42 Pa.C.S. § 9721(b). The trial court was aware of Appellant's prior record score, offense gravity score, and correctly stated the standard-range sentence. N.T., 6/6/19, at 6, 12-13. The record also reflects that in open court and in Appellant's presence, the trial court provided its understanding of the sentencing guidelines and stated its reasons for sentencing Appellant in the aggravated range of the guidelines. *Id.* at 12-14. Thus, even if Appellant had presented a substantial question for our review, we would conclude that there was no abuse of discretion in the sentence imposed.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2021