J-S27039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS M. KERICK, JR. | : | |
| | : | |
| Appellant | : | No. 3738 EDA 2017 |

Appeal from the Judgment of Sentence October 5, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007172-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                           **FILED JULY 23, 2018**

Appellant, Thomas M. Kerick, Jr., appeals from the Judgement of Sentence entered following his conviction of, *inter alia*, DUI-General Impairment/Incapable of Safe Driving.[1]  After careful review, we affirm on the basis of the trial court's Opinion.

The relevant facts and procedural history, as gleaned from Notes of Testimony and the trial court's Opinion, are as follows.  On March 12, 2016, Appellant, the driver of a motorcycle, was involved in a single-vehicle accident. Officer Jay Nakahara of the Upper Merion Township Police Department was dispatched to the scene.  Upon his arrival, he observed a motorcycle, later identified as belonging to Appellant, lying on its side in the middle of Crooked

_____

[1] 75 Pa.C.S. § 3802(a)(1).

Lane. At this location, Crooked Lane slopes slightly and makes a sharp, 90-degree turn to the right.[2]

Approximately 15-20 feet away, Officer Nakahara found Appellant lying face down in a wooded area. Appellant was initially unresponsive and had a bleeding head wound. Officer Nakahara approached Appellant to ascertain his condition and render medical care, whereupon he detected a strong odor of alcohol on Appellant's breath. Appellant was initially unresponsive, but regained consciousness within approximately a minute of Officer Nakahara's arrival.

After Appellant regained consciousness, Officer Nakahara questioned him. Appellant responded with only one-word answers and his speech was slow and slurred. Officer Nakahara suspected that Appellant had been driving under the influence, but because of Appellant's medical condition and possible serious head injury, he did not conduct any field sobriety tests. Ultimately, paramedics airlifted Appellant to the hospital.

Appellant lived approximately a mile from the scene of the accident. The weather that evening was cool, clear, and dry. There was nothing in the road that would have created a hazard to drivers. From the position of the motorcycle in the middle of the road, Officer Nakahara did not believe that Appellant had swerved to avoid a hazard.

---

[2] Officer Nakahara testified that, to navigate this notorious turn safely, a driver must "slow down significantly." N.T., 5/18/17, at 10, 15.

Police charged Appellant with a number of offenses arising from the accident, including, relevant to the instant appeal, DUI-General Impairment.

Appellant proceeded to a bench trial at which only Officer Nakahara testified. At the conclusion of the trial, the court found Appellant guilty.[3] Appellant filed a timely Post-Trial Motion in which he challenged the sufficiency and weight of the evidence. The trial court denied Appellant's Motion.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Was the evidence presented at trial insufficient as a matter of law to convict [Appellant] of DWI (General Impairment) and Reckless/Careless Driving?

2. Did the [t]rial [c]ourt commit an abuse of discretion by denying Appellant['s] [M]otion for a [N]ew [T]rial based upon weight of the evidence?

Appellant's Brief at 4.

Appellant first challenges the sufficiency of the evidence supporting his conviction for DUI-General Impairment.[4] Appellant avers that the quality and

---

[3] The court also convicted Appellant of the summary offenses of Careless Driving, Use of Improper Class of License, Not Wearing Proper Headgear, and No Eye Protection. **See** 75 Pa.C.S. §§ 3714(a); 1504(a); 3525(a); and 3525(b), respectively. Appellant is not challenging those convictions on appeal.

[4] Although Appellant purports to also appeal from his Reckless/Careless Driving conviction in this issue, Appellant has not presented any argument, other than a passing reference to the fact of the conviction, in support of this claim in his Brief to this Court. Thus, for appellate review purposes, Appellant

quantity of the Commonwealth's evidence, as set forth **supra**, is insufficient to sustain his conviction. He posits that the Commonwealth's evidence that his speech was slurred and that he gave only one-word answers to Officer's Nakahara's questions was equally consistent with a head injury as it was with intoxication. **Id.** at 8. He argues that the only proffered evidence of his inability to operate his motorcycle safely was the accident itself. **Id.** at 11. Thus, he concludes the court based its verdict entirely on "conjecture[] and suspicion." **Id.**

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." **Id.** "In conducting this review, the appellate court

---

has abandoned this claim. **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (concluding that the failure to properly include a developed argument in an appellate brief constitutes waiver).

may not weigh the evidence and substitute its judgment for the fact-finder."
*Id.*

Appellant challenges the sufficiency of the evidence supporting his conviction for DUI-General Impairment/Incapable of Safe Driving. A person is guilty of DUI-General Impairment if he "drive[s], operate[s,] or [is] in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that [he] is rendered incapable of safely [doing so]." 75 Pa.C.S. § 3802(a)(1).

We have thoroughly reviewed the Certified Record, the parties' Briefs, the applicable law, and the well-reasoned trial court Opinion, and conclude that the trial court did not err as a matter of law in finding that the Commonwealth presented sufficient evidence to sustain Appellant's conviction. The trial court ably disposes of this issue with citation to relevant authority and the record and we affirm on the basis of that Opinion. *See* Trial Ct. Op., 12/26/17, at 2-5 (concluding that: (1) the evidence, when viewed in the light most favorable to the Commonwealth as the verdict-winner, established that Appellant "had imbibed significant alcohol based on the strong odor of alcohol on his breath and slurred speech[;]" and (2) based on the totality of the circumstances, the evidence was sufficient to establish that the alcohol caused Appellant to be unable to safely operate his motorcycle).

Appellant also challenges the court's verdict as against the weight of the evidence. Appellant's Brief at 12-13. Appellant claims that the trial court erred in weighing Officer Nakahara's testimony about Appellant's slurred

speech and the odor of alcohol on his breath more heavily than the testimony about the inherent dangers of travelling on Crooked Lane. *Id.* at 12-13. Appellant also faults the court for not crediting his theory that his slurred speech was caused by his head injury and not from his alcohol consumption. *Id.* at 12-13.

Initially, we note that "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).

A trial court reviewing a challenge to the weight given the evidence may grant relief only if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013).

The trial court's denial of a weight claim "is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008). *See also Commonwealth v. Morgan*, 913 A.2d 906, 909 (Pa. Super. 2006) (stating that because the trial court "is in the best position to view the evidence presented," an appellate court will give that court "the utmost consideration" when reviewing its weight determination). "Where . . . the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Morales*, 91 A.3d

80, 91 (Pa. 2014) (citation omitted). This Court is instead limited to evaluating only the trial court's exercise of discretion in denying that claim. *Id.*

"A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact[-]finder." *Id.* As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Id.*

After a thorough review of the record, the Briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we discern no abuse of discretion and conclude that there is no merit to Appellant's weight of the evidence claim. *See* Trial Ct. Op. at 5-6 (concluding that the evidence was not so vague and tenuous that the verdict shocks the conscious or is against the weight of the evidence).

Accordingly, we affirm on the basis of the trial court's December 26, 2017 Opinion. The parties are instructed to attach a copy of the trial court's December 26, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/23/18</u>

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :      No. CP-46-CR-0007172-2016

                      :

                      :

           v.              :

                      :      3738 EDA 2017

THOMAS KERICK              :

## OPINION

**Page, J.**                                               *December 26, 2017*

Defendant appeals from this Court's Judgement of Sentence on October 5, 2017. For the reasons set forth below, Defendant's appeal is without merit. Therefore, any claim of error on the part of this Court should be dismissed and the ruling should be affirmed.

## FACTS AND PROCEDURAL HISTORY

The Defendant was arrested and charged with DUI and various summary violations. At trial, Officer Nakahara testified as the sole witness. Officer Nakahara had four years of professional experience as well as police training regarding intoxication and field sobriety testing. *N.T. Trial 5/18/17* p. 7. On March 12, 2016, Officer Nakahara was dispatched to a single motorcycle accident in King of Prussia, PA. *Id.* at 9. The motorcycle was lying on its side in the middle of the road where there is a 90 degree intersection. *Id.* Approximately 15 to 20 feet away from the motorcycle, in a wooded area, a man was lying face down, and Officer Nakahara immediately began to render medical aid. *Id.* at 11. The man, identified as the Defendant, was initially unresponsive, and had a laceration to his head. *Id.* at 11-12. When the officer approached, he detected a strong odor of alcohol on the Defendant's breath, his speech was slow and slurred, and the Defendant only responded with one word answers. *Id.* at 13.

1

The Defendant lived approximately a mile from where the accident occurred. *Id.* at 17. Nothing was in the road which could create a hazard that night, and it was cool, clear, and there was no precipitation. *Id.* Due to the Defendant's medical condition, and possible head injury, no field sobriety tests were conducted. *Id.* at 18. From the position of the motorcycle in the middle of the road, Officer Nakahara did not believe that the Defendant swerved. *Id.* at 31. If the Defendant had swerved to avoid a hazard, Officer Nakahara believed the motorcycle would be to the left or right of the road and would not be in the middle of the lane. *Id.*

This Court found the Defendant guilty of DUI- Unsafe Driving as well as the summary offenses of careless driving, use of improper class of license, not wearing proper headgear, and no eye protection. *Id.* at 47. The Defendant filed a post-sentence motion challenging the weight and sufficiency of the evidence which was denied on October 18, 2017. The Defendant filed a timely Notice of Appeal.

## ISSUES

Defendant's Concise Statement raises the following issues:

1. The evidence offered at trial to sustain the conviction is insufficient as a matter of law. The evidence failed to establish material elements of DUI beyond a reasonable doubt, specifically, that defendant was impaired, and that he was incapable of safely operating a motor vehicle.
2. Verdict is contrary to the weight of the evidence, and the conviction of DUI constitutes a miscarriage of justice. The intersection where this accident occurred is an inherently dangerous stretch of roadway where other accidents occurred previously. This evidence was clearly of greater weight than other facts presented and not considering said evidence as such was error.

## ANALYSIS

### I.   Sufficiency of the Evidence

The Defendant first challenges whether the evidence was sufficient to find the Defendant was impaired and incapable of safely driving. Whether sufficient evidence exists to support the

2

verdict is a question of law; an appellate Court's standard of review is de novo and their scope of review is plenary. *Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (citation omitted). When reviewing challenges to the sufficiency of the evidence, appellate courts evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa.Super.2007) *(citation omitted)*. "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.* *(quoting Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa.Super.2005)).

However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id.* In addition, the appellate court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id.* Lastly, the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa.Super.2006). *Commonwealth v. Smith*, 2016 PA Super 187, 146 A.3d 257, 261–62 (Pa. Super. Ct. 2016). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Commonwealth v. Mucci*, 2016 PA Super 137, 143 A.3d 399, 409 (Pa. Super. Ct. 2016), *reargument denied* (Aug. 31, 2016).

To prove a defendant guilty beyond a reasonable doubt of DUI-General Impairment, the Commonwealth must prove that the defendant was "driv[ing], operat[ing] or [...] in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical

3

control of the movement of the vehicle. 75 Pa.C.S.A. § 3802 (a) (1). By the plain language of subsection 3802(a)(1), driving is proscribed after the imbibing of sufficient alcohol such that the individual is rendered incapable of safely driving. *Commonwealth v. Segida,* 604 Pa. 103, 114, 985 A.2d 871, 878 (2009).

In evaluating whether an individual is capable of safely driving and is under the influence of a sufficient amount of alcohol:

> the Commonwealth may proffer [...] the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply[....]The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Commonwealth v. Segida,* 604 Pa. 103, 115–16, 985 A.2d 871, 879 (2009).

In this case, the uncontested evidence established that the Defendant was in a single vehicle accident on a road within a mile of his home on a clear, dry night. The Defendant's positioning was such that the responding officer did not believe the accident was caused by the Defendant swerving to avoid an unexpected object, but rather that it appeared the Defendant just lost control of his motorcycle. The Defendant's breath smelled strongly of alcohol, his speech was slurred, and he only provided one word answers. When evaluating the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence established that the Defendant had imbibed significant alcohol based on the strong odor of alcohol on his breath and slurred speech. The remaining question is whether that amount of alcohol was sufficient to render the Defendant incapable of safely driving. Based on the totality of the circumstances, the

4

lack of any hazard to explain the accident, the positioning of the bike and the Defendant at the scene, the clear and dry road conditions, and the close proximity of the accident to the Defendant's home, the evidence was sufficient to establish that the alcohol caused the Defendant to be unable to safely operate his motorcycle. The Defendant's unexplained loss of control on a road which common sense dictates was familiar to the Defendant is indicative of the Defendant's inability to safely operate or control his motorcycle due to the alcohol in his system. Thus, the evidence was sufficient to establish that the Defendant imbibed a sufficient amount of alcohol that rendered the Defendant incapable of safely driving or operating the motorcycle.

## II.    Weight of the Evidence

The Defendant challenges the weight of the evidence alleging that the fact that the roadway was dangerous was "clearly of greater weight than other facts presented and not considering said evidence as such was error." An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Clay*, 619 Pa. 423, 64 A.3d 1049, 1054–55 (2013) (quotation marks, quotations, and citations omitted). In order for an appellant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (2003) (quotation marks and quotations omitted); *Commonwealth v. Smith*, 2016 PA Super 187, 146 A.3d 257, 264–65 (Pa. Super. Ct. 2016); *Commonwealth v. Devine*, 2011 PA Super 163, 26 A.3d 1139, 1146 (Pa. Super. Ct. 2011). A trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings. *Commonwealth v. Diggs*, 949 A.2d 873, 879-80 (Pa. 2008).

5

Initially, contrary to the Defendant's contention, this evidence of prior accidents on the roadway was presented at trial, and considered by this Court. Defendant's claim is that the roadway being dangerous is of greater weight than all other evidence rendering the verdict a miscarriage of justice. The testimony at trial was that other accidents had occurred at this location, and that it is not an easy road to navigate for those who aren't familiar with the road. *N.T. Trial 5/18/17* p. 26. This does not mean the road is inherently dangerous, or that the road is so hard to navigate that accidents are common. A 90 degree turn is not atypical while driving. The fact that other accidents have occurred at this intersection does not render all the other evidence so inconsequential that it was a miscarriage of justice to find the Defendant guilty. While a 90 degree turn in the road may be harder to navigate than a straight road, it is substantially harder to navigate while intoxicated. The evidence established the Defendant had imbibed alcohol and clearly was incapable of safely operating his motorcycle in light of the accident. The Defendant's slurred speech indicates that his motor functions were impaired by the alcohol such that he was involved in a single vehicle accident on dry roadways. This evidence is not so vague or tenuous that it shocks the conscious, and the verdict is not against the weight of the evidence.

## CONCLUSION

For all of the aforementioned reasons, this Court's decision and order should be AFFIRMED.

BY THE COURT:

GARRETT D. PAGE,     J.

Copies of the above Opinion
Mailed on 12-26-17
By Interoffice Mail to:
Robert Falin, Esq., ADA
Anne Schools – Court Administration
By First Class Mail to:
Jim Lyons, Esq.
Thomas Kerick, Defendant

Judicial Secretary

6