J-S44002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

JAMES MILLER

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 208 WDA 2018

Appeal from the Judgment of Sentence Entered October 11, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001854-1981

BEFORE: SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                              **FILED OCTOBER 29, 2019**

Appellant, James Miller, appeals from the judgment of sentence entered

on October 11, 2017,[1] following resentencing pursuant to **Miller v. Alabama**,

567 U.S. 460 (2012), and **Montgomery v. Louisiana**, ___ U.S. ___, 136

S.Ct. 718 (2016). After review, we affirm.[2]

_____

[1] Appellant purports to appeal from the January 8, 2018 order denying his post-sentence motions. However, his appeal properly lies from the October 11, 2017 judgment of sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1 (Pa. Super. 2014). We have corrected the appeal paragraph accordingly.

[2] In **Miller v. Alabama**, the Supreme Court of the United States ruled that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile offender is unconstitutional. **Miller v. Alabama**, 567 U.S. at 465. In **Montgomery**, the Supreme Court of the United States concluded that **Miller v. Alabama** announced a substantive rule of constitutional law, and as such, the holding in **Miller v. Alabama** applied retroactively to juvenile

The relevant facts and procedural history were set forth by the trial court as follows:

> [On February 18, 1981,] Appellant, James Miller, was charged by criminal information (198101854) with one count of criminal homicide.[1]
>
> ---
> [1] 18 Pa. C.S. § 2501(a).
>
> On August 20, 1981, Appellant was found guilty of second degree murder[2] after a non-jury trial before Judge Lewis. Appellant was sentenced by the Honorable Loran L. Lewis on February 5, 1982 to life without the possibility of parole.
>
> ---
> [2] 18 Pa. C.S. §2502(b).
>
> Appellant filed a timely appeal to the Superior Court. The Superior Court affirmed the judgment of sentence on February 10, 1984. [**Commonwealth v. Miller**, 472 A.2d 249, 195 Pittsburgh 1982 (Pa. Super. filed February 10, 1984) (unpublished memorandum).] Appellant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied on May 11, 1984. [**Commonwealth v. Miller**, No. 68 W.D. Allocatur Docket 1984 (denied May 11, 1984)].
>
> Appellant filed a *pro se* [Post Conviction Hearing Act ("PCHA")] Petition[3] on December 31, 1986, which was subsequently denied on May 6, 1988.
>
> Appellant filed a [Post Conviction Relief Act ("PCRA")] Petition on February 11, 1998, which was denied on August 20, 1998. Appellant filed a timely notice of appeal to the Superior Court. The Superior Court, again, affirmed the judgment of

---

convictions and sentences that were final when **Miller v. Alabama** was decided.

[3] The PCHA was the precursor to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. **Commonwealth v. Davis**, 86 A.3d 883, 886 (Pa. Super. 2014).

sentence. [**Commonwealth v. Miller**, 1727 Pittsburgh 1998 (Pa. Super. filed March 29, 1999) (judgment).]

On July 30, 2012, Appellant filed a *pro se* PCRA pursuant to the holding [in] *Miller v. Alabama*,[4] which was later dismissed on December 4, 2013.

Appellant filed a timely notice of appeal on January 6, 2014, [and the PCRA court's order] was affirmed by the Superior Court. [**Commonwealth v. Miller**, 108 A.3d 121, 31 WDA 2014 (Pa. Super. filed October 22, 2014) (unpublished memorandum).] On January 26, 2015, Appellant filed a petition for allowance of appeal. On March 18, 2016, the Pennsylvania Supreme Court vacated the Superior Court's decision and remanded the matter for resentencing.[5] [**Commonwealth v. Miller**, 133 A.3d 1 (Pa. 2016) (remanding to Superior Court); **Commonwealth v. Miller**, 145 A.3d 775, 31 WDA 2014 (Pa. Super. filed April 8, 2016) (unpublished memorandum) (remanding to the trial court for resentencing)].

On October 11, 2017, Appellant was resentenced at the count of second degree murder to a term of imprisonment of forty-three years to life.

Appellant filed a post-sentence motion on October 23, 2017, which was denied … on January 8, 2018.

Trial Court Opinion, 10/4/18, at 2-3. Appellant filed a timely appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

---

[4] The appellant in **Miller v. Alabama**, 567 U.S. 460 (2012), is not related to Appellant in the case at bar.

[5] Appellant was born on April 3, 1965, and was fifteen years old at the time of the offense. Criminal Information, 2/18/81.

1. Whether Appellant received an illegal sentence because there is no valid sentencing scheme in Pennsylvania as *Miller* invalidated the only existing sentencing scheme in Pennsylvania for juveniles convicted of first or second degree murder prior to 2012?

2. Whether the trial court unconstitutionally relied on the facts of the crime to outweigh the evidence of rehabilitation and improperly relied on the impact statements of the victim's family as an aggravating factor?

3. Whether the trial court erred or abused its discretion in denying Appellant's request, as an indigent defendant, for a mitigation expert and that denial severely hindered counsel's ability to present evidence regarding the *Miller* factors and to assess the need for expert testimony that would be a necessary factor for the Court's consideration at resentencing?

Appellant's Brief at 5.

In Appellant's first issue, he asserts that his sentence is illegal because the holding in **Miller v. Alabama** invalidated the sentencing scheme for juveniles convicted of first or second-degree murder prior to 2012. Appellant's Brief at 14. Appellant begins his argument assailing the legality of the sentence imposed, but he then asserts that the trial court also abused its discretion when it imposed his sentence and refers to the discretionary aspects of his sentence. *Id.* The legality of a sentence and the discretionary aspects of a sentence are distinct concepts. **See Commonwealth v. Barnes**, 151 A.3d 121 (Pa. 2016) (discussing the differences between challenges to the discretionary aspects of a sentence and the legality of the sentence). After review, we conclude that despite Appellant's reference to the discretionary

aspects of his sentence, Appellant's first issue focuses exclusively on the legality of his sentence.[6]

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Seskey**, 170 A.3d 1105, 1107 (Pa. Super. 2017) (citation omitted). As noted above, the Supreme Court of the United States held that mandatory sentences of life without the possibility of parole for juvenile offenders violate the Eighth Amendment's prohibition against cruel and unusual punishment. **Miller v. Alabama**, 567 U.S. at 469-489. In response to the decision in **Miller v. Alabama**, our General Assembly enacted 18 Pa.C.S. § 1102.1. The statute provides, *inter alia*, that juveniles who are fifteen years of age or older, but younger than eighteen years of age, who are convicted of second-degree murder after June 24, 2012, must be sentenced to a minimum term of imprisonment of at least thirty years to life, and a mandatory maximum sentence of life in prison. 18 Pa.C.S. § 1102.1(c)(1); 18 Pa.C.S. § 1102.

Additionally, Section 1102.1 provides:

> **(d) Findings.--**In determining whether to impose a sentence of life without parole under subsection (a), the court shall consider and make findings on the record regarding the following:

---

[6] To the extent that Appellant intended to raise a challenge to the discretionary aspects of his sentence in his first issue, we deem that claim waived for failing to develop any meaningful argument. **See Commonwealth v. Green**, 204 A.3d 469, 489 (Pa. Super. 2019) (stating that where an appellant fails to develop an issue, that claim is waived).

(1) The impact of the offense on each victim, including oral and written victim impact statements made or submitted by family members of the victim detailing the physical, psychological and economic effects of the crime on the victim and the victim's family. A victim impact statement may include comment on the sentence of the defendant.

(2) The impact of the offense on the community.

(3) The threat to the safety of the public or any individual posed by the defendant.

(4) The nature and circumstances of the offense committed by the defendant.

(5) The degree of the defendant's culpability.

(6) Guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing.

(7) Age-related characteristics of the defendant, including:

(i) Age.

(ii) Mental capacity.

(iii) Maturity.

(iv) The degree of criminal sophistication exhibited by the defendant.

(v) The nature and extent of any prior delinquent or criminal history, including the success or failure of any previous attempts by the court to rehabilitate the defendant.

(vi) Probation or institutional reports.

(vii) Other relevant factors.

**(e) Minimum sentence.--**Nothing under this section shall prevent the sentencing court from imposing a minimum sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing may

> not supersede the mandatory minimum sentences provided under this section.

18 Pa.C.S. § 1102.1(d), (e).

However, our Supreme Court held that Section 1102.1 is not mandated to apply to juveniles who were convicted of first or second-degree murder prior to June 25, 2012. *Commonwealth v. Seskey*, 170 A.3d 1105, 1108 (Pa. Super. 2017) (citing *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013) ("*Batts I*"). In *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) (*Batts II*), our Supreme Court reaffirmed *Batts I*, and it left undisturbed the mandatory maximum term of life imprisonment under 18 Pa.C.S. § 1102. *Batts II*, 163 A.3d at 421, 444. Additionally, in *Batts II*, the Supreme Court of Pennsylvania explained the individualized sentencing factors from *Miller v. Alabama* as follows:

> It requires consideration of the defendant's age at the time of the offense, as well as "its hallmark features," including:

> > immaturity, impetuosity, and failure to appreciate risks and consequences; ... the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional; ... the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him; ... that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys; ... and the possibility of rehabilitation ... when the circumstances (the youthfulness of the offender) most suggest it.

[***Miller v. Alabama***, 567 U.S.] at 477-78, 132 S.Ct. 2455. ***See also id.*** at 476, 132 S.Ct. 2455 (stating that in addition to age, a court must also give consideration to a juvenile offender's "background and mental and emotional development ... in assessing his culpability") (quoting ***Eddings***[ ***v. Oklahoma***,] 455 U.S. [104,] 116, 102 S.Ct. 869).

***Batts II***, 163 A.3d at 431-432.

In the instant appeal, Appellant contends that ***Miller v. Alabama*** eliminated the framework for sentencing offenders who are similarly situated, *i.e.*, juveniles who were convicted of second-degree murder prior to June 25, 2012. Appellant's Brief at 21. Appellant alleges that because there is no "valid sentencing scheme," his sentence of forty-three years to life is illegal. ***Id.*** We disagree. Under Appellant's interpretation, an individual who was a juvenile convicted of first or second-degree murder prior to June 25, 2012, apparently would not be subject to any minimum sentence. We conclude such a construction is meritless.

As noted, Appellant argues that ***Miller v. Alabama*** removed the mandatory sentence of life without the possibility of parole for juveniles, and the more recent sentencing statute, 18 Pa.C.S. § 1102.1, does not apply to juveniles who were convicted of first or second-degree murder prior to June 25, 2012. Appellant's Brief at 16-18. However, Appellant concedes as follows:

> Appellant understands that **precedent** … state[s] that 18 Pa.C.S. 1102.1 is to be a guiding statute when resentencing such juveniles. *See Batts* [*(II), 163 A.3d at 443*]. However, there is no clear way to determine a minimum sentence. The trial judge is given an illustrative, not an exhaustive list of factors to consider

for a minimum sentence. *See* [*Commonwealth v.*] *Knox*[, 50 A.3d 749, 765 (Pa. Super. 2012)].

Appellant's Brief at 20-21 (emphasis added). After review, we find that case law interpreting and applying **Miller v. Alabama** and Section 1102.1 for the resentencing of juveniles convicted of first or second-degree murder prior to June 25, 2012, supports our conclusion that Appellant's sentence is legal.

This Court recently held:

> For those defendants convicted of first or second-degree murder prior to June 25, 2012, for whom the sentencing court determines a life without parole sentence is inappropriate, … it is our determination here that they are subject to a mandatory maximum sentence of life imprisonment as required by Section 1102[a], accompanied by a minimum sentence determined by the common pleas court upon resentencing.

> **Seskey**, 170 A.3d at 1108 (citing to **Batts II**, 163 A.3d at 421) (citation omitted) ….

**Commonwealth v. Blount**, 207 A.3d 925, 938 (Pa. Super. 2019) (footnote omitted).[7] Nothing prohibits the trial court from relying on Section 1102.1 as guidance in resentencing a juvenile defendant convicted prior to June 25, 2012, to a minimum sentence of a term of years and a maximum sentence of

---

[7] This Court in **Blount** noted that **Miller v. Alabama** did not preclude sentencing courts from ever imposing terms of life without parole upon juvenile offenders. **Blount**, 207 A.3d at 938, n.9. Rather, **Miller v. Alabama** required sentencing courts to consider a juvenile's immaturity and capacity for change, and to refrain from imposing a term of life without parole except in extreme cases where the sentencing court determines that the juvenile is incapable of rehabilitation. **Id.**

life in prison. Rather, in the decisions filed after *Miller v. Alabama* and the enactment of Section 1102.1, the courts of this Commonwealth announced that "[t]he sentencing court should fashion the minimum term of incarceration using, **as guidance**, section 1102.1(a) of the Crimes Code." *Batts II*, 163 A.3d at 460 (emphasis added). Although Section 1102.1 applies specifically to convictions occurring after June 24, 2012, the holding in *Batts II* directs trial courts to consider Section 1102.1 when fashioning a sentence for juveniles convicted prior to June 25, 2012. *Batts II*, 163 A.3d at 460. Additionally, the Supreme Court of Pennsylvania stated: "Trial courts must consider, on the record, the *Miller*[*v. Alabama*] factors and Section 1102.1 criteria, in all cases where a juvenile is exposed to a sentence of life without parole." *Commonwealth v. Machicote*, 206 A.3d 1110, 1120 (Pa. 2019).

In the case at bar, Appellant was "exposed" to a sentence of life without the possibility of parole because a minimum sentence of life in prison would have been a legal sentence. *Batts II*, 163 A.3d at 422. The record reflects that the trial court specifically considered *Miller v. Alabama* and Section 1102.1 when it resentenced Appellant. N.T., Sentencing Hearing, 10/11/17, at 7, 14. Section 1102.1(c)(1) permits a minimum sentence of at least thirty years to life, with a maximum sentence of life, for a juvenile who was at least fifteen years of age when he was convicted of second-degree murder. Thus, in the case at bar, the trial court was guided by Section 1102.1 and authorized by case law to impose a minimum sentence of forty-three years and a

maximum sentence of life pursuant to *Miller v. Alabama*. Thus, Appellant's sentence was legal. *Batts II*, 163 A.3d at 421. Accordingly, Appellant is entitled to no relief on his challenge to the legality of his sentence.

In his next issue, Appellant avers that the trial court focused on the severity and facts of the crime, and it did not adequately consider mitigating factors, such as evidence of Appellant's rehabilitation, when it imposed sentence. Appellant's Brief at 22. Appellant's issue presents a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) (a claim that the sentencing court failed to consider certain factors implicates the discretionary aspects of a sentence).

We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of

> appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, the first two requirements of the four-part test are met: Appellant filed a timely appeal, and Appellant preserved the sentencing issue in his post-sentence motion. However, we are constrained to point out Appellant has fallen short of the requirements for a Pa.R.A.P. 2119(f) statement.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. ***Id***.

In what appears to be his Pa.R.A.P. 2119(f) statement, Appellant provides as follows:

DISCRETIONARY ASPECTS OF SENTENCING

- 12 -

> Appellant relies upon the reasons set forth for allowance of appeal regarding discretionary aspects of sentencing. The sentencing court improperly relied upon the facts of the crime to outweigh the mitigating evidence and improperly relied upon the statements of the victim's family as aggravating factors at resentencing; had no authority in the law to guide the sentencing and denied the necessity [of] a mitigation expert analysis, review and testimony.

Appellant's Brief at 1. We state that this "appears" to be Appellant's Rule 2119(f) statement because it is labeled with the heading "DISCRETIONARY ASPECTS OF SENTENCING." *Id.* However, this single paragraph is merely a summation of Appellant's three issues on appeal. *Id.* Nowhere in this paragraph does Appellant set forth any plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process as required by *Hartle*. This paragraph fails to provide any argument or cite to any case law or statutory authority. To the extent that this paragraph is intended to be Appellant's 2119(f) statement, we conclude that Appellant's bald assertion concerning sentencing factors fails to present a substantial question. *See Cruz-Centeno*, 668 A.2d at 545 (stating that an assertion that the trial court failed to consider certain factors does not present a substantial question).[8]

---

[8] In the argument portion of Appellant's brief on this issue, he merely continues his claim that the trial court failed to weigh properly certain mitigating factors. Appellant's Brief at 22-26. Thus, even if we were we to consider Appellant's argument an extension of his purported Pa.R.A.P. 2119(f)

- 13 -

Accordingly, Appellant is entitled to no relief in his purported challenge to the discretionary aspects of his sentence.

In his final issue on appeal, Appellant asserts that the trial court abused its discretion in denying Appellant's request for an expert, which hindered his ability to present evidence regarding mitigating factors under *Miller v. Alabama* for the trial court's consideration at resentencing.[9] Appellant's Brief at 27. After review, we conclude that Appellant is entitled to no relief.

> It is well established that indigent defendants have a right to access the same resources as non-indigent defendants in criminal proceedings. The state has an affirmative duty to furnish indigent defendants the same protections accorded those financially able to obtain them. Procedural due process guarantees that a defendant has the right to present competent evidence in his defense, and the state must ensure that an indigent defendant has fair opportunity to present his defense.

*Commonwealth v. Konias*, 136 A.3d 1014, 1019 (Pa. Super. 2016) (internal citations and quotation marks omitted). "However, the provision of public funds to hire experts to assist in the defense against criminal charges is a decision vested in the sound discretion of the court and a denial thereof will

_____

statement, we would conclude that he has failed to raise a substantial question.

[9] A claim that the trial court abused its discretion in failing to appoint a mitigation-evidence expert does not present a challenge to the discretionary aspects of Appellant's sentence. *See Commonwealth v. Melvin*, 172 A.3d 14, 24 (Pa. Super. 2017) (noting that a challenge to the trial court's failure to provide funds for an expert is not a challenge to the discretionary aspects of a sentence). Thus, Appellant's deficient Pa.R.A.P. 2119(f) statement does not prevent our Court from addressing this issue.

not be reversed absent an abuse of that discretion." *Id.* (internal citations and quotation marks omitted).

The trial court addressed this issue as follows:

> Here the [c]ourt received and granted Appellant's Motion for a Psychiatric Expert, thus appointing Dr. Alice Applegate. Subsequently, Appellant filed a motion requesting that Appellant's argument for an additional expert witness be conducted *ex parte*. Thereafter, a hearing was held on the motion, at which time the Commonwealth objected to the *ex parte* nature of the request. The [c]ourt stated that it did not see the danger in conducting an on record discussion regarding the appointment of an additional expert with the Commonwealth present because the [c]ourt believed the discussion would only be addressing the *Miller* [*v. Alabama*] factors. However, the [c]ourt ultimately ruled, out of an abundance of caution, to hold the discussion *ex parte*, further ruling that the Commonwealth would not be prejudiced by the *ex parte* nature of said discussion. (Motion Hearing Transcript, 9/11/17, pp. 2-4). Subsequently, the [c]ourt conducted the *ex parte* discussion and ultimately denied the request for an additional expert believing the expert's testimony would be cumulative to the testimony to be presented by Dr. Applegate.
>
> It should be noted that by virtue of her appointment as a psychiatric expert, Dr. Applegate obtained various pertinent records with respect to Appellant and performed a forensic psychological evaluation on Appellant. Subsequently, Dr. Applegate prepared an expert report and testified at the resentencing hearing presenting various pieces of mitigating evidence in accordance with the *Miller*[*v. Alabama*] factors. Further, Appellant submitted a multitude of additional pieces of documentary and testimonial mitigation evidence, as well as a comprehensive Memorandum in Aid of Sentencing. As such, an additional expert was simply not warranted in the matter as such an expert would only have provided cumulative evidence from that already being presented by Appellant. *See Commonwealth v. Vandivner*, 962 A.2d 1170, 1188 (Pa. 2009) (holding in a first-degree murder case that the trial [c]ourt did not abuse its discretion when it denied the defense's request for appointment of an additional expert finding that any additional expert testimony would be merely cumulative.) As such, the [c]ourt did

- 15 -

not err in denying Appellant's request for an additional appointed expert, and this claim is without merit.

Trial Court Opinion, 10/4/18, at 14-16.

After review, we discern no abuse of discretion. The Psychiatric expert, Dr. Alice Applegate, had access to Appellant's mental health records, school records, special education records, juvenile placement records, juvenile court records, medical records, and "any and all other information deemed necessary by Dr. Applegate[.]" Order, 8/19/16. As the trial court noted, Dr. Applegate prepared an expert report and testified at the resentencing hearing concerning mitigation evidence pursuant to the *Miller v. Alabama* factors. Trial Court Opinion, 10/4/18, at 15. Moreover, we are constrained to point out that in his brief, Appellant fails to provide any indication regarding what evidence an additional expert would have added.

We conclude that Dr. Applegate's report informed the trial court concerning mitigating factors. The trial court specifically refers to Dr. Applegate's report concerning mitigation evidence including Appellant's chaotic childhood, the unstructured nature of his home life, his alcohol and drug abuse, and being forced out of his home at a young age. N.T., 10/11/17, at 9-10. The trial court also noted that Dr. Applegate's report illustrated the progress Appellant has made, the positive way Appellant has matured in prison, together with Appellant's accomplishments in prison and contributions to the prison community. *Id.* We discern no abuse of discretion in the trial court's denial of funds for an additional expert where that expert's testimony

would have been cumulative of evidence already before the court. **See Commonwealth v. Reid**, 99 A.3d 470, 505 (Pa. 2014) (finding no abuse of discretion in the denial of an application for funds to secure expert testimony where the expert's testimony would be cumulative of evidence already before the court).

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2019