J-S50016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL STEPHENS | : | |
| | : | |
| Appellant | : | No. 3141 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002782-2019

BEFORE: BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:  **FILED: FEBRUARY 26, 2021**

Appellant, Michael Stephens, appeals from the judgment of sentence

entered on October 1, 2019,[1] in the Philadelphia County Court of Common

Pleas. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the October 29, 2019 order denying his post-sentence motion. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have corrected the appeal paragraph to reflect that Appellant appeals from the October 1, 2019 judgment of sentence. The confusion herein appears to stem from the fact that in its Pa.R.A.P. 1925(a) opinion, the trial court states that at the hearing on Appellant's post-sentence motion, the motion was denied and sentence was "reimposed." Trial Court Opinion, 06/25/20, at 1. After review, however, we note that at the October 29, 2019 hearing, the trial court denied Appellant's post-sentence motion and informed Appellant that he had thirty days in which to file an appeal to this Court, and

The trial court aptly summarized the relevant facts of this case as follows:

> The incidents in this case took place on March 18, 2019. Hearing Volume 1, page 6. If called[,] Natasha Bailey (hereinafter "Complainant"), would have testified to the below facts at trial. *Id.*
>
> On the date in question, Appellant was inside his apartment, which is located in the city and county of Philadelphia. *Id.* Appellant and Complainant engaged in a verbal argument. *Id.* Appellant proceeded to grab Complainant by the legs and pull her off the bed, causing her to hit her head on the floor. *Id.* Appellant then dragged Complainant across the floor and threw her out of the apartment while she was naked. *Id*[.] at 7. When Complainant reentered the apartment to retrieve clothing, Appellant hit Complainant with a vodka bottle and then punched, dragged, and pulled Complainant by her hair for the remainder of the day. *Id.* At one point later that day, Appellant stated to Complainant that she should jump out of the window if she wanted him to stop beating her. *Id.* Appellant, to prove his point, proceeded to open the window and then closed it. *Id.* Appellant did eventually stop hitting Complainant. *Id.* The next morning, Appellant saw how badly Complainant was beaten and took her to the hospital. *Id.* At the hospital Complainant was treated for bruises to her eyes, arms, and legs and also had a fractured bone. *Id.*

Trial Court Opinion, 6/25/20, at 2-3.

On April 23, 2019, the Commonwealth charged Appellant with one count each of aggravated assault, possessing an instrument of crime, simple assault,

---

"the original sentence shall remain as is." N.T., 10/29/19, at 7. Therefore, we are satisfied that the date of the imposition of sentence remained October 1, 2019. Nevertheless, because Appellant timely filed his post-sentence motion and timely filed his appeal following the order denying his post-sentence motion, the confusion regarding the dates does not impact Appellant's appeal, and we proceed with our discussion.

and recklessly endangering another person.[2]  Criminal Information, 4/23/19,

at 1.  The trial court summarized the procedural history as follows:

> On July 23, 2019, [Appellant] waived his right to a jury trial and entered into an open guilty plea before this court.  During the guilty plea, Appellant plead guilty to aggravated assault.[3]  On that date sentencing was deferred for the court to have a presentence investigation report and mental health evaluation done.
>
> On October 1, 2019, Appellant returned to this court for sentencing on the [aggravated assault charge] for which he entered into an open guilty plea.  This court accepted the plea and Appellant was sentenced [to] one and a half (1½) to three (3) years of incarceration followed by five (5) years of reporting probation for aggravated assault.  Additionally, there is an absolute stay away order f[ro]m the Complainant.  The probation is consecutive to the incarceration.  Further, Appellant was ineligible for [recidivism risk reduction incentive ("RRRI"), 61 Pa.C.S. §§ 4501-4512].  On October 8, 2019, Appellant filed a post-sentence motion to reconsider sentence. On October 29, 2019, at the motion for reconsideration of sentence hearing Appellant's motion was denied ….
>
> On November 1, 2019, Appellant filed a timely notice of appeal …. On December 3, 2019, this [c]ourt ordered Appellant to file a concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on or before January 7, 2020.  On January 7, 2020, counsel filed the Statement of Matters Complained of on Appeal.

Trial Court Opinion, 6/25/20, at 1-2.  The trial court filed its Pa.R.A.P. 1925(a)

opinion on June 25, 2020.

---

[2]  18 Pa.C.S §§ 2702(a), 907(a), 2701(a), and 2705, respectively.

[3]  The charges of possessing an instrument of crime, simple assault, and recklessly endangering another person were *nol prossed*.  Guilty Plea, 7/23/19, at 1.

On appeal, Appellant presents one issue for our consideration:

Did not the lower court fail to give consideration for Appellant's substantial need for mental health treatment in its imposition of sentence, and thereby violate a specific provision of the Sentencing Code, 42 Pa. C.S. §9721(b) which requires in part that a sentencing court consider a defendant's rehabilitative needs?

Appellant's Brief at 3.

Appellant's issue presents a challenge to the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

Here, the first three requirements of the four-part test are met: Appellant filed a timely appeal; Appellant preserved the issue in his post-sentence motion; and Appellant included a statement raising the issues in his brief pursuant to Rule 2119(f). ***Moury***, 992 A.2d at 170. Therefore, we address whether Appellant has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the sentencing court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id*.

In his Pa.R.A.P. 2119(f) statement, Appellant contends the trial court failed to consider Appellant's rehabilitative needs pursuant to 42 Pa.C.S.

§ 9721(b), namely his mental health requirements, failed to consider Appellant's pre-sentence mental health evaluation, and instead focused on Appellant's failure to take responsibility and lack of remorse in his allocution. Appellant's Brief at 10-11. We conclude that Appellant has raised a substantial question. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (finding a claim that the trial court failed to consider relevant sentencing criteria, including the rehabilitative needs of the appellant, as 42 Pa.C.S. § 9721(b) requires, and instead focused on the injuries suffered by the complaining victims raised a substantial question). Thus, we proceed with our analysis.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006). Further, whereas here, the trial court had the benefit of a pre-sentence

investigation ("PSI") report, "we presume that the [trial] court was aware of all relevant sentencing factors." ***Commonwealth v. Knox***, 219 A.3d 186, 199 (Pa. Super. 2019) (citation omitted).

Appellant baldly asserts "Although the lower court stated that it considered [Appellant's] need for mental health treatment, the sentence imposed belies the lower court's protestations." Appellant's Brief at 14. However, Appellant fails to support this accusation. Appellant merely argues that the trial court failed to consider that Appellant was "in dire need of mental health treatment." *Id.* at 15. Contrary to Appellant's argument, the record reflects that the trial court specifically addressed this issue and imposed a sentence in a State Correctional Institution because a state facility would provide better mental health treatment. The trial court stated:

> I think you need more treatment. I think that a state incarceration has more assets that they can properly help you. It's not vindictive. I'm just trying to take into your -- take into account the need for treatment here and I think the state has much better facilities for this type of treatment. I know you don't like my sentence, but you understand it.

N.T. (Sentencing), 10/1/19, at 18. Additionally, the record reflects that the trial court had the benefit of a PSI report. *Id.* at 5.

In its opinion, the trial court addressed this issue as follows:

> In anticipation of sentencing this court reviewed the presentence investigation report and mental health evaluation. The Appellant was [a repeat first and second degree felony offender ("RFEL")] with a guideline [minimum] sentence [of] forty (40) to fifty-two (52) months of incarceration. Appellant was made aware at the time of the open guilty plea that his guidelines were high and, ultimately, this court's sentence was mitigated far below the

- 7 -

guidelines. The reason for mitigation was that this court did in fact recognize Appellant's need for treatment. However, this court on record stated it believed that the best way for Appellant to receive the necessary treatment was to receive it from state custody where more resources would be available, a decision this court does not take lightly. For Appellant to assert that his sentence was excessive and unreasonable is in fact absurd and the argument holds no merit.

Additionally, Appellant does not assert the other conditions required to examine in sentencing under 42 Pa.C.S.A. § 9721(b) which include the protection of the public and the gravity of the offense and how it relates to the impact on the victim in the case. In light of the facts in this case and evidence presented, this court found that incarceration would serve not only Appellant but also the public and Complainant best. During sentencing this court was made aware that even though a restraining order was in effect[,] Appellant continued to contact Complainant. Additionally, during Appellant's allocution he showed no remorse for the beating that hospitalized Complainant for five (5) days with bruising and fractured bones but instead chose to blame Complainant. This court believes any lesser sentence would not only be a dereliction of our duty to the safety of the general public but also depreciate the seriousness of the crime and safety of the Complainant. In this case, it is clear that this court did not give an excessive and unreasonable sentence but in fact an extremely mitigated one. Further this court did consider Appellant's rehabilitative needs and therefore Appellant's claim is unfounded.

Trial Court Opinion, 6/25/20, at 3-4.

After review, we cannot accept Appellant's contention that the trial court paid only "lip service" to considering the relevant sentencing factors. Appellant's Brief at 12. Rather, the record reveals that the trial court had the benefit of a PSI report, addressed the Sentencing Guidelines, considered the factors from Section 9721(b), and fashioned an individualized sentence wherein Appellant could receive the mental health treatment he needed in a State Correctional Institution. Appellant's contention that the trial court failed

to consider or address Appellant's mental health issues is unsupported and meritless.

For the reasons set forth above, we conclude that Appellant's challenge to the discretionary aspects of his sentence is without merit and no relief is due. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/21