J-S16003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JULIAN FUENTES   :
  :
Appellant   :   No. 1526 MDA 2021

Appeal from the Judgment of Sentence Entered July 1, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004518-2018

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:     **FILED: JUNE 10, 2022**

Julian Fuentes brings this appeal from his judgment of sentence after

this Court directed that he be resentenced on his convictions of intimidation

of a witness and strangulation. We affirm.

In August of 2018, Fuentes went to the home of his former girlfriend

("Victim"). During his visit, Fuentes became angry and twice placed Victim in

a chokehold, which caused her to pass out on both occasions. Fuentes was

apprehended and charged with aggravated assault. While in jail, Fuentes

telephoned Victim and repeatedly, in an intimidating manner, asked her to

drop the charges. Fuentes also informed Victim that his brother would be in

contact with her.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The Commonwealth filed a criminal information charging Fuentes with intimidation of a witness, aggravated assault, strangulation, unlawful restraint, and false imprisonment. On June 12, 2019, a jury convicted Fuentes of intimidation of a witness and strangulation. On July 22, 2019, the trial court sentenced Fuentes to serve a term of incarceration of seven and one-half to fifteen years for the intimidation of a witness conviction. The trial court also sentenced him to serve a concurrent term of incarceration of six to twelve years for the strangulation conviction.

On direct appeal, this Court affirmed the convictions, but vacated the judgment of sentence as illegal because the grading for the intimidation of a witness conviction was improper. The matter then was remanded to the trial court for resentencing.

On July 1, 2021, the trial court resentenced Fuentes to serve a term of incarceration of five to ten years for the strangulation conviction and a concurrent sentence of one to two years for the intimidation of a witness conviction. Fuentes filed a post-sentence motion, which the trial court denied. This appeal followed.

The sole issue Fuentes presents for review is whether the trial court abused its discretion in fashioning a sentence that Fuentes deems to be excessive. He claims that the court improperly focused on the nature of the crimes and not mitigating circumstances such as Fuentes's ability to rehabilitate.

Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled there is no absolute right to appeal the discretionary aspects of a sentence. *See Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Fuentes brought an appropriate appeal, filed a post-sentence motion, and included in

his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next determine whether he has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

In his Rule 2119(f) statement, Fuentes argues the trial court abused its discretion by failing to consider factors set out in 42 Pa.C.S.A. § 9721. *See* Appellant's Brief at 16-17. Fuentes contends that in imposing the sentence, the trial court "focused solely on the nature of the criminal conduct." *Id*. at 17. This Court has found a substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in

42 Pa.C.S.A. § 9721(b).[1] **See Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S.A. § 9721(b)). Therefore, Fuentes has raised a substantial question. As such, we will review the merits of his sentencing claim.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **See Fullin**, 892 A.2d at 847. In this context, an abuse of discretion is not shown merely by an error in judgment. **See id**. An appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. **See id**.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime. **See Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). As we have stated, "a court is

---

[1] The factors to be considered under 42 Pa.C.S.A. § 9721(b) include: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. **See** 42 Pa.C.S.A. § 9721(b).

required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id***. (citation omitted).

Our review of the record reflects that, at the time of Fuentes's resentencing, the trial court heard extensive argument from defense counsel detailing Fuentes's personal life and struggles. ***See*** N.T., 7/1/21, at 3-5. Counsel noted Fuentes's age, his troubled childhood, substantial involvement with the foster care system, current family situation involving three daughters, good conduct in prison since his incarceration at the time of the original sentencing hearing, and desire that the trial court sentence in the mitigated range of the sentencing guidelines or at the lower end of the standard range, as had been done at the original sentencing. ***See id***. Prior to receiving Fuentes's allocution, the trial court noted that, although not present at the resentencing hearing, his brothers had been at the original sentencing hearing and were very supportive of Fuentes. ***See id***. at 5-6.

Thereafter, Fuentes presented a lengthy allocution, in which he offered multiple apologies to Victim. ***See id***. at 6-9. In addition, Fuentes apologized to everyone who was involved with his case. ***See id***. He also discussed the situation with his daughters, the hardships of being incarcerated during the Covid pandemic, and the long-term impact incarceration will have on his life.

*See id*. Fuentes expressed that because of his incarceration, he is a changed person and has grown mentally. *Id*. at 6-7. Further, immediately before imposition of the sentence, the trial court received an impassioned statement from Victim, in which she utterly rejected Fuentes's apologies. *See id*. at 11.

Immediately following Fuentes' allocution and prior to announcing the judgment of sentence, the trial court gave a thoughtful account of its responsibility to balance the suffering that an incarcerated person experiences with the suffering experienced by a victim. *See id*. at 10. The trial court further indicated that, although it would not sentence in the mitigated range of the Sentencing Guidelines, it would be consistent with its sentencing scheme in the original sentence and impose sentences at the low end of the standard range. *See id*. at 10-11. Thereafter, the trial court imposed minimum sentences at the bottom of the standard range of the Sentencing Guidelines and directed that they be served concurrently. *See id*. at 12.

We conclude the trial court was properly apprised of and considered all relevant factors in fashioning Fuentes's sentence at the low end of the standard range of the Sentencing Guidelines. There is no indication that the court ignored any relevant factors in fashioning the sentence. Therefore, it is our determination that the trial court did not abuse its discretion in forming the instant sentence. Accordingly, we conclude that Fuentes's claim the trial court failed to consider the appropriate factors in imposing the sentence lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/10/2022